99 Cal.Rptr.2d 792 (2000)
24 Cal.4th 301
6 P.3d 713
COLLECTION BUREAU OF SAN JOSE, Plaintiff and Appellant,
v.
Donald RUMSEY, Defendant and Respondent.
No. S079190.
Supreme Court of California.
August 31, 2000.
*794 Robert E. Amos, Santa Clara, for Plaintiff and Appellant.
Robert A. Boland, Redwood City, for Defendant and Respondent.
*793 BAXTER, J.
In this case we determine which statute of limitations governs an action by a collection agency against a surviving spouse for recovery of the hospital and medical expenses of a deceased spouse's last illness.
Code of Civil Procedure former section 353 (Stats.1990, ch. 140, § 1, p. 1172), applicable at all relevant times to this case, specified a one-year limitations period for surviving causes of action on the liabilities of decedents.[1] Subject to certain exceptions and limitations, Probate Code section 13550 prescribes the manner and extent to which a surviving spouse remains personally liable for the debts of a deceased spouse. Probate Code section 13554, as worded at all times relevant herein, clarified that these debts may be enforced against the surviving spouse in the same manner as they could have been enforced against the deceased spouse if he or she had not died, and are subject to the same "defense[s], cross-complaint[s] or setoff[s]" that would have been available to the deceased spouse if the deceased spouse had not died. Most importantly, subdivision (c) of Probate Code section 13554 expressly and specifically provided that the one-year limitations period of Code of Civil Procedure former section 353 (it now refers to Code Civ. Proc., § 366.2, see fn. 1, ante) is applicable to actions against a deceased debtor spouse, or derivatively, against the surviving spouse, for debts remaining unpaid upon the death of the debtor spouse.
The trial court found these statutory provisions controlling and concluded that because plaintiff collection agency had failed to file suit within one year of the death of the debtor spouse, its suit against the surviving spouse for recovery of the expenses of the debtor spouse's last illness was barred by the limitations period of Code of Civil Procedure former section 353.
The Court of Appeal reversed, concluding that although the collection agency's suit against the estate of the deceased debtor spouse, or derivatively against Donald Rumsey as the surviving spouse, was barred by the one-year limitations period of Code of Civil Procedure former section 353, an entirely separate and independent cause of action for recovery of the debt from the surviving spouse existed by virtue of Family Code section 914, which makes spouses personally liable for each other's debts incurred for "necessaries of life."[2] The Court of Appeal went on to reason that the action pursuant to section 914 would be governed by the four-year limitations period of Code of Civil Procedure section 337 generally applicable to open book accounts, and that because the accounts receivable for the medical and hospital bills here in question qualify as open book accounts, the collection agency's action against the surviving spouse, although filed only a few days shy of four years after the debtor spouse's death, was nonetheless timely.
*795 For the reasons to be explained, we conclude the provisions of sections 13550 and 13554 of the Probate Code exclusively control here, expressly making the one-year limitations period of Code of Civil Procedure former section 353 applicable to actions of this nature. We shall therefore reverse the judgment of the Court of Appeal.

FACTS AND PROCEDURAL BACKGROUND
Jean Rumsey (deceased spouse) died on November 4, 1990, in El Camino Hospital in Santa Clara County after a prolonged battle with cancer, leaving behind hospital bills totaling $103,715.95. The accounts were ultimately assigned for collection to respondent Collection Bureau of San Jose (CBSJ). The accounts receivable for medical expenses were technically open book accounts as set forth in Code of Civil Procedure section 337. (See County of Santa Clara v. Vargas (1977) 71 Cal. App.3d 510, 516-517, 139 Cal.Rptr. 537 [bill for medical expenses is a book account].) Generally, there is a four-year statute of limitations period applicable to claims on open book accounts. (Code Civ. Proc, § 337.) CBSJ filed its original complaint in this action against Mr. Donald Rumsey (hereafter sometimes Mr. Rumsey or surviving spouse) just three days shy of four years after Jean Rumsey's death.
Mr. Rumsey demurred to the original complaint on the ground that sections 13550 and 13554 of the Probate Code together made the one-year statute of limitations period of Code of Civil Procedure former section 353 applicable to CBSJ's action against him, rendering the suit time-barred. The trial court agreed, sustaining the demurrer with leave to amend. CBSJ filed a first amended complaint; Mr. Rumsey demurred to the amended complaint on the same ground, and a second trial judge agreed with him, sustaining the demurrer with leave to amend. CBSJ then filed a second amended complaint; Mr. Rumsey demurred yet again on the ground that the one-year limitations period of former section 353 controlled and barred the action against him. This time, because the superior court judge who had heard the second demurrer was unavailable to hear the matter for the third time, it was heard by a retired justice of the Court of Appeal sitting as a temporary judge of the superior court. Mr. Rumsey's previously twice-sustained demurrer was overruled and the matter set for trial.
By stipulation, trial was to the court on the sole legal issue of which statute of limitations properly applied. At the conclusion of trial, the court agreed with Mr. Rumsey, ruling that Probate Code section 13554 and the one-year limitations period of Code of Civil Procedure former section 353 controlled, rendering CBSJ's action against him time-barred on its face. The court issued a statement of decision explaining its ruling on the dispositive statute of limitations issue. It also made factual findings in support of its further ruling rejecting CBSJ's claim that Mr. Rumsey should be estopped from demurring to the complaint on statute of limitations grounds because he had lulled CBSJ into not filing suit earlier, on the representation he could obtain payment of the owed amounts directly from his deceased wife's medical insurer.
CBSJ appealed. The Court of Appeal reversed in an unpublished opinion. The appellate court explained why the court agreed with Mr. Rumsey's position that "the limiting provisions of [Code of Civil Procedure former] section 353 and Probate Code section 13554 applied to any action against Jean Rumsey that survived her death. CBSJ therefore had until January 1, 1992 to bring an action to enforce Jean Rumsey's debts."[3] But then, in a final single paragraph, the court set forth *796 its rationale for reversing the judgment: "CBSJ also had a separate cause of action against [Mr. Rumsey] under Code of Civil Procedure section 337, because Family Code section 914 (formerly Civ.Code, § 5120.140) made him personally responsible for obligations incurred for his wife's necessaries of life.... [T]his was an independent, not derivative, basis of [Mr. Rumsey's] liability. Code of Civil Procedure section 337 allowed CBSJ four years to file an action against [Mr. Rumsey] for the balance due on his wife's hospital expenses, which [Mr. Rumsey] concedes were incurred for the necessaries of life. Although Jean Rumsey's death altered the period in which a suit could be brought to enforce her debt, [Mr. Rumsey's] own personal liability for these expenses remained. Since the last entry on the hospital bill was November 4, 1990, and CBSJ's original complaint was filed November 1, 1994, the action against [Mr. Rumsey] was timely filed." (Fn. omitted)[4]
We granted review to determine whether the one-year limitations period of Code of Civil Procedure former section 353, specifically applicable to surviving causes of action on the liabilities of decedents, or the four-year limitations period of Code of Civil Procedure section 337, generally applicable to open book accounts, controls on these facts.

DISCUSSION
Subject to certain exceptions and limitations, Probate Code sections 13550 and 13551 make a surviving spouse personally liable for the debts of the deceased spouse, but only to the extent such debts are chargeable against the community property of both spouses and the separate property of the deceased spouse passing to the surviving spouse without formal probate administration.
Probate Code section 13550 provides: "Except as provided in Sections 11446, 13552, 13553, and 13554, upon the death of a married person, the surviving spouse is personally liable for the debts of the deceased spouse chargeable against the property described in Section 13551 to the extent provided in Section 13551."
Probate Code section 13551 in turn delineates the sources from which the surviving spouse's liability may be satisfied, as follows: "The liability imposed by Section 13550 shall not exceed the fair market value at the date of the decedent's death, less the amount of any liens and encumbrances, of the total of the following: [¶] (a) The portion of the one-half of the community and quasi-community property belonging to the surviving spouse under Sections 100 and 101 that is not exempt from enforcement of a money judgment and is not administered in the estate of the deceased spouse, [¶] (b) The portion of the one-half of the community and quasi-community property belonging to the decedent under Sections 100 and 101 that passes to the surviving spouse without administration, [¶] (c) The separate property of the decedent that passes to the surviving spouse without administration."
Probate Code section 13554 then clarifies that these debts may be enforced against the surviving spouse in the same manner as they could have been enforced against the deceased spouse if he or she had not died. (Id., § 13554, subd. (a).) At all times relevant to this case, former section 13554 provided: "(a) Except as otherwise provided in this chapter, any debt described in Section 13550 may be enforced against the surviving spouse in the same manner as it could have been enforced against the deceased spouse if the deceased spouse had not died. [¶] (b) In any action or proceeding based upon the debt, the surviving spouse may assert any defense, cross-complaint or setoff which would have been available to the deceased *797 spouse if the deceased spouse had not died. [¶] (c) Section 353 of the Code of Civil Procedure applies in an action under this section" (Stats. 1990, ch. 79, § 14, p. 922, italics added.)[5]
Code of Civil Procedure former section 353, expressly made applicable to this case by Probate Code section 13554, subdivision (c), provided in relevant part: "(b) Except as provided in subdivisions (c) and (d), if a person against whom an action may be brought on a liability of the person, whether arising in contract, tort, or otherwise, dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced within one year after the date of death, and the time otherwise limited for the commencement of the action does not apply.... [¶] ... [¶] (d) If a person against whom an action may be brought died on or after July 1, 1988, and before January 1, 1991, and before the expiration of the time limited for the commencement of the action, and the cause of action survives, an action may be commenced before the earlier of the following times: [¶] (1) January 1, 1992.[¶] (2) One year after the issuing of letters testamentary or of administration, or the time otherwise limited for the commencement of the action, whichever is the later time." (Stats.1990, ch. 140, § 1, p. 1172.)
The overall intent of the Legislature in enacting Code of Civil Procedure former section 353 was to protect decedents' estates from creditors' stale claims. (Dawes v. Rich (1997) 60 Cal.App.4th 24, 34, fn. 4, 70 Cal.Rptr.2d 72; see Recommendation Relating to Notice to Creditors in Estate Administration (Dec. 1989) 20 Cal. Law Revision Com. Rep. (1990) p. 507.) "[T]he drafters of former Code of Civil Procedure section 353 and current Code of Civil Procedure section 366.2 believed the limitation period the statute imposes serves `the strong public policies of expeditious estate administration and security of title for distributees, and is consistent with the concept that a creditor has some obligation to keep informed of the status of the debtor.' (Recommendation Relating to Notice to Creditors in Estate Administration, supra, 20 Cal. Law Revision Com. Rep. (1990) p. 512.)" (Dawes v. Rich, supra, 60 Cal. App.4th at p. 34, 70 Cal.Rptr.2d 72.)
The December 1989 California Law Revision Commission recommendation on the proposed legislation amending Code of Civil Procedure former section 353 explained that "the one year statute of limitations is intended to apply in any action on a debt of the decedent, whether against the personal representative under Probate Code Sections 9350 to 9354 (claim on cause of action), or against another person, such as a distributee under Probate Code Section 9392 (liability of distributee), a person who takes the decedent's property and is liable for the decedent's debts under Sections 13109 (affidavit procedure for collection or transfer of personal property), 13156 (court order determining succession to real property), 13204 (affidavit procedure for real property of small value), and 1355b. (passage of property to surviving spouse without administration), or a trustee." (Recommendation Relating to Notice to Creditors in Estate Administration, supra, 20 Cal. Law Revision Com. Rep., supra, at p. 515, italics added.) It thus appears that when the amendments to former section 353 were enacted, they were done so with the clear understanding and intent that such provisions would govern and apply to "any action on a debt of the decedent," regardless of whom the action was brought against, and specifically including the surviving spouse.[6]
*798 Read together, sections 13550, 13551, and 13554 of the Probate Code, and former section 353 of the Code of Civil Procedure, thus provided that Mr. Rumsey was "personally liable" (Prob. Code, § 13550) for the debts left behind by his deceased spouse, including the hospital and medical bills here in issue, to the extent of his own share of the community property, and those portions of his deceased spouse's share of the community property and her separate property that passed to him without formal administration.[7] And under the limitations period of Code of Civil Procedure former section 353, expressly made applicable by Probate Code section 13554, creditors had one year from the date of Jean Rumsey's death (actually 14 months in this instance, given the specially controlling dates that applied during 1991-1992; see fn. 3, ante) within which to file an action against her estate, or against Mr. Rumsey derivatively, seeking to collect any such unpaid debts.
Although the Court of Appeal recognized that "the limiting provisions of [Code of Civil Procedure former] section 353 and Probate Code section 13554 applied to any action against Jean Rumsey that survived her death," the court did not scrutinize the manner in which those limiting provisions circumscribe a surviving spouse's personal liability for a deceased spouse's debts, as described above. Instead, the Court of Appeal concluded that CBSJ had an entirely separate and independent cause of action against Mr. Rumsey under Family Code section 914, which made him personally liable for debts incurred for his wife's "necessaries of life" and provided that his separate property could be applied to satisfy such category of debts, and to which, the Court of Appeal further concluded, the four-year statute of limitations for open book accounts (Code Civ. Proc., § 337) applied.
Family Code section 914 provides, in pertinent part: "(a) Notwithstanding Section 913, a married person is personally liable for the following debts incurred by the person's spouse during marriage: [¶] (1) A debt incurred for necessaries of life of the person's spouse while the spouses are living together.... [¶] (b) The separate property of a married person may be applied to the satisfaction of a debt for which the person is personally liable pursuant to this section. If separate property is so applied at a time when nonexempt "property in the community estate or separate property of the person's spouse is available but is not applied to the satisfaction of the debt, the married person is entitled to reimbursement to the extent such property was available." (Italics added.) Section 914 is an exception to the general rule that a married person's separate property is not liable for debts incurred by his or her spouse during marriage. (See Fam.Code, § 913, subd. (b)(1) [separate property of married person not liable for debt incurred by spouse before or during marriage].)
In seeking to determine which statute of limitations was intended to govern on facts such as those before us, our goal is to discern the probable intent of the Legislature so as to effectuate the purpose of the laws in question. (California Teachers Assn. v. Governing Bd. of Rialto Unified School Dist. (1997) 14 Cal.4th 627, 632, 59 Cal.Rptr.2d 671, 927 P.2d 1175.) We examine the statutes in their context and with other legislation on the same subject. (Id. at p. 642, 59 Cal. Rptr.2d 671, 927 P.2d 1175.) If they conflict on a central element, we strive to harmonize them so as to give effect to each. If conflicting statutes cannot be reconciled, later enactments supersede earlier ones (Orange Unified School Dist. v. Rancho Santiago Community College Dist. (1997) 54 Cal.App.4th 750, 757, 62 Cal. Rptr.2d 778), and more specific provisions take precedence over more general ones *799 (People v. Vargas (1985) 175 Cal.App.3d 271, 277, 220 Cal.Rptr. 720). Absent a compelling reason to do otherwise, we strive to construe each statute in accordance with its plain language. (Samuels v. Mix (1999) 22 Cal.4th 1, 7, 91 Cal.Rptr.2d 273, 989 P.2d 701.)
Applying these basic principles of statutory construction to this case, we must, first and foremost, give effect to the plain and express language of Probate Code section 13554. As explained, subdivision (c) of that section specifically provides that the one-year limitations period of Code of Civil Procedure former section 353 (now Code Civ. Proc., § 366.2) is applicable to actions against a deceased debtor spouse, or derivatively, against the surviving spouse, for "any debt" (Prob.Code, § 13554) remaining unpaid upon the death of the debtor spouse. To our minds the Legislature's intent could not be any clearer, and it must be given effect. (Samuels v. Mix, supra, 22 Cal.4th at p. 7, 91 Cal.Rptr.2d 273, 989 P.2d 701.)
Second, ignoring for sake of argument the Legislature's clear and express command in Probate Code section 13554 that the one-year limitation period of Code of Civil Procedure former section 353 applies to actions on "any debt" remaining unpaid upon the death of the debtor spouse, and assuming the statutory schemes of Probate Code section 13550 et seq. and Family Code section 914 are indeed in conflict on the facts of this case, the Probate Code provisions still must be found to control as they are clearly the more specific. (People v. Vargas, supra, 175 Cal.App.3d at p. 277, 220 Cal.Rptr. 720.) Those provisions specifically address the liability of a married person for the debts incurred by the other spouse upon the death of that spouse, whereas Family Code section 914 merely addresses the general liability of a spouse for the debts of the other spouse incurred during marriage. Moreover, the one-year statute of limitations of Code of Civil Procedure former section 353, expressly made applicable by Probate Code section 13554, is the more specific limitations provision, as it prescribes the limitations period for surviving causes of action on the liabilities of decedents, whereas Code of Civil Procedure section 337 merely sets forth a four-year limitations period generally applicable to all open book accounts. In both instances, the more specific statutory provisions control.
Third, if the statutory schemes of Probate Code section 13550 et seq. and Family Code section 914 are in conflict, then the former controls, as it is the later enactment. (Orange Unified School Dist. v. Rancho Santiago Community College Dist., supra, 54 Cal.App.4th at p. 757, 62 Cal.Rptr.2d 778.) Although Family Code section 914 was enacted in 1992, its substantive language was transferred in its entirety from Code of Civil Procedure former section 5120.140, without any change in wording. Former section 5120.140 was enacted in 1984. (Stats. 1984, ch. 1671, § 9, p. 6020.) Probate Code section 13554 was enacted in 1990, some six years later. (Stats. 1990, ch. 79, § 14, p. 922.) Probate Code section 13554 is therefore both the more specific and the more recent legislation. Since the Legislature was aware of the provisions of Code of Civil Procedure former section 5120.140 (now Fam.Code, § 914) when it enacted Probate Code section 13554the more specific provision insofar as it specifically addresses the liability of a surviving spouse for debts left behind by a deceased spousethe latter statute controls here.
Most importantly, however, the Court of Appeal's conclusion that Family Code section 914 (and the four-year limitations period of Code Civ. Proc., § 337, applicable to debts under that section in the form of an open book account) should take precedence over Probate Code section 13554 (and the one-year limitations period of Code Civ. Proc., former § 353, applicable to actions against surviving spouses for the debts of a deceased spouse) in circumstances where, as here, the debts are those of a deceased spouse, would lead to conflicting results that could not possibly have *800 been envisioned or intended by the Legislature. Family Code section 914 was not drafted with an eye toward governing creditors' claims made after the community estate is terminated by the death of one spouse; as noted, its substance was enacted (in Code Civ. Proc., former § 5120.140) well before Probate Code section 13554 became law. Section 914 is instead, on its face, addressed to a particular category of debts incurred during marriagethose for "necessaries of life," and further deals with only one aspect of a nondebtor spouse's liability for such debtsthe availability of his or her separate property to satisfy those debts.
If the holding of the Court of Appeal below were to become law, then a creditor's suit that looks to a surviving spouse's separate property for recovery of a deceased spouse's debt for necessaries of life incurred during the marriage would lead to the following anomalous results.
First, under Probate Code sections 13550, 13551, and 13554, and Code of Civil Procedure former section 353, the surviving spouse's own share of the community property, and the share of the deceased spouse's community and separate property which the surviving spouse stands to receive without formal probate administration, would be subject to the applicable one-year statute of limitations, whereas his or her separate property would be "on the risk" for the debt for a period of four years under Family Code section 914. It has been observed that "a spouse's post-marital liability for debts incurred by a former or deceased spouse is based on one spouse's receipt of property which in fairness should have been applied to the other spouse's debts. [Citations.]" (Dawes v. Rich, supra, 60 Cal.App.4th at p. 29, 70 Cal.Rptr.2d 72.) The holding of the Court of Appeal in this case would turn that fundamental principle on its headby permitting a creditor to elect to look to a surviving spouse's separate property for a period of four years to satisfy the debt. Such a result would contravene the strong public policy of expeditious estate administration evidenced in Probate Code section 13554's incorporation of a one-year statute of limitations for suit to recover on "any debt" of a deceased debtor-spouse. (Prob. Code, § 13554.)
Second, Family Code section 914, by its own terms, creates a right of reimbursement for a creditor-spouse whose separate property is applied to satisfy a debt of his or her spouse for "necessaries of life" (id., § 914, subd. (b)), and Family Code section 920, subdivision (c), in turn provides that "The right shall be exercised not later than the earlier of the following times: [¶] (1) Within three years after the spouse in whose favor the right arises has actual knowledge of the application of the property to the satisfaction of the debt. [¶] (2) In proceedings for division of community and quasi-community property ... or in proceedings upon the death of a spouse." (Italics added.) A conclusion that an action can be brought pursuant to Family Code section 914 for up to four years against a surviving spouse to recover on a deceased spouse's debt for necessaries of life would stand in patent conflict with the surviving spouse's right of reimbursement, and the prescribed periods in which that right must be exercised, under Family Code section 920. If a four-year limitation period applied to actions against a surviving spouse under Family Code section 914, and the creditor waited more than one year before bringing the action, the surviving spouse's right of reimbursement provided for in Family Code section 920 would be defeated, for subdivision (c) of section 920 expressly provides that where the debtor spouse has died, such right of reimbursement must be exercised "in proceedings upon the death of [the] spouse," which proceedings, pursuant to the Probate Code provisions discussed herein, will generally transpire within a year after the deceased spouse's death.
We agree that Family Code section 914, subdivision (a)(1), on its face, made Mr. Rumsey "personally liable" for any debts incurred by Mrs. Rumsey for "necessaries of life," and the parties do not *801 contest that expenses of last illness are a subcategory of such debts. We further agree that, pursuant to Family Code section 914, subdivision (b), Mr. Rumsey's separate property could be applied to satisfaction of that debt, subject to his right of reimbursement spelled out in that subdivision (and any applicable limits set forth in Prob.Code § 13551; see ante, 99 Cal. Rptr.2d at p. 796, 6 P.3d at p. 716). We disagree that the four-year statute of limitations generally applicable to open book accounts (Code Civ. Proa., § 337) applied in this case, as we disagree with the Court of Appeal's conclusion that, in a case such as this, where the debtor spouse is deceased, suit on such a debt brought against the surviving spouse pursuant to Family Code section 914 states an independent, rather than a derivative, cause of action. Although section 914 makes a married person personally liable for such category of debts of his or her spouse, that liability is plainly derivative of the marital relationship between the two.
The provisions of Probate Code section 13554, making the one-year limitations period of Code of Civil Procedure former section 353 applicable to proceedings on "any debt" (Prob.Code, § 13554) of a deceased spouse, and the provisions of Family Code sections 914 and 920, making a married person liable for, and his or her separate property available to satisfy, such a debt, but also creating a right of reimbursement in the creditor-spouse, and further expressly requiring that such right be exercised "in proceedings upon the death of a spouse" (Fam.Code, § 920, subd. (c)(2))together reflect the Legislature's intent that in cases where the debtor spouse has died, a one-year limitations period applies to actions brought under either statute.
We conclude that Probate Code section 13554 controls in this case, expressly making the one-year limitations period of Code of Civil Procedure former section 353 applicable to CBSJ's action against Mr. Rumsey.

CONCLUSION
The judgment of the Court of Appeal is reversed, and the matter remanded to that court for further proceedings consistent with the views expressed herein.
GEORGE, C.J., MOSK, J., KENNARD, J., CHIN, J., and BROWN, J., concur.
Dissenting Opinion by WERDEGAR, J.
The result the majority reaches in this case, by effectively shortening the period within which creditors may sue a surviving spouse on obligations incurred for necessaries of life, may be desirable from a policy standpoint as contributing to prompt resolution of such claims and a sense of closure for parties who have suffered the loss of a spouse. Be that as it may, the policy choice the majority has effectuated is properly one for the Legislature alone to articulate, andunlike the majorityI do not read the relevant statutes as doing so. Accordingly, I dissent.
The Court of Appeal in the present case correctly concluded Donald Rumsey was independently liable for the expenses of his wife's hospitalization pursuant to Family Code section 914, and that the four-year statute of limitations for open book accounts governed such liability (Code Civ. Proa, § 337). As the majority acknowledges, Family Code section 914 addresses a married person's liability for debts incurred during marriage. (Fam.Code, § 914, subd. (a).) Nothing in the statute suggests, nor does Mr. Rumsey even argue, that the liability so incurred somehow vanishes, or transmutes into a liability that is merely "derivative," at the moment of the spouse's death.
Underlying the majority's opinion appears to be the premise that the liabilities created by Family Code section 914 and Probate Code section 13550, respectively, are functionally identical. The latter liability is one of the deceased spouse, not the survivor, and may be the subject of a distinct cause of action brought against the personal representative, or the surviving *802 spouse as distributee, of the decedent's estate. The sources of recovery in an action under Probate Code section 13550, moreover, are limited in ways that an independent action under Family Code section 914 are not. (See Prob.Code, § 13551 [referring to the surviving spouse's one-half and the decedent's one-half of the community and quasi-community property, and the separate property of the decedent].)[1] Family Code section 914, in contrast, describes the liability of the married person's separate property, but only for his or her spouse's necessaries of life. These differences, apparent on the face of the statutes, compel the conclusion that the two types of actions are not coextensive, but, rather, independent.
In maintaining a contrary view, the majority relies on the "strong public policy of expeditious estate administration evidenced in Probate Code section 13554's incorporation of a one-year statute of limitations for suit to recover on `any debt' of a deceased debtor-spouse." (Maj. opn., ante, 99 Cal.Rptr.2d at p. 800, 6 P.3d at p. 720.) This policy, however, is not jeopardizedor even implicatedby the Court of Appeal's decision, to which I would adhere. Plainly, an action of the kind with which we are concerned in this case, once recognized as independent of the deceased spouse's own obligation and as seeking satisfaction against the surviving spouse personally, in no way interferes with the administration of the decedent's estate. Indeed, in the present case no proceedings were ever instituted for the administration of Mrs. Rumsey's estate; hence, the policy is unaffected by any ruling in this case.
The majority also relies, in support of its conclusion, on the existence of a married person's right to reimbursement for payment of his or her spouse's necessaries of life and the time limitations on that right: reimbursement must be sought within three years after the person has actual knowledge that his or her separate property has been applied to the debt, or in proceedings upon dissolution of the marriage or the death of the spouse, whichever occurs first, whereas open book accounts are governed generally by a four-year limitations period. (See Fam.Code, § 914, subd. (b); id., § 920, subd. (c)(1); Code Civ. Proa, § 337, subd. 2.) The majority fails, however, to specify any basis in the statutory language for its conclusion that the married person's right to reimbursement delimits the creditor's right to satisfaction of the obligation. Nor does the majority acknowledge the conditional nature of the married person's reimbursement right. By limiting the right to those times "when nonexempt property in the community estate or separate property of the person's spouse is available but is not applied to the satisfaction of the debt" (Fam.Code, § 914, subd. (b)), the Legislature apparently understood there might be times when no other propertyeither nonexempt community property or separate property of the spouseis available.
As the California Law Revision Commission essentially recognized, the remedy of reimbursement is not favored in the law. Reimbursement generates difficult accounting and proof problems, and is "inimical to sharing principles during marriage." (Recommendation Relating to Liability of Marital Property for Debts (Jan. 1983) 17 Cal. Law Revision Com. Rep. (1984) pp. 16-17 [because of discovery and proof problems and the risk of erroneous determinations, the reimbursement right *803 "should be strictly limited to a period of three years after application of the property to the satisfaction of the debt"]). Because the death of a spouse can only tend to exacerbate discovery and proof problems, questions of the availability of reimbursement should not govern our interpretation of the statutes at issue here.
The rule the majority announces will have unanticipated consequences. Its reasoning logically must apply to other, analogous, so-called derivative obhgations, such as loans to decedents cosigned by surviving spouses. That such a result will upset parties' settled expectations goes without saying. I therefore dissent.
NOTES
[1] In 1992, section 353 was repealed and reenacted without substantive change as Code of Civil Procedure section 366.2. (Stats. 1992, ch. 178, §§ 6, 8, p. 887; Revised Recommendation Regarding Litigation Involving Decedents (Apr. 1992) 21-22 Cal. Law Revision Com. Rep. (1991-1992) p. 895.)
[2] Medical expenses incurred during a last illness have been held to fall within this category of debts. (See Odone v. Marzocchi (1949) 34 Cal.2d 431, 439, 211 P.2d 297.)
[3] Although deceased spouse passed away on November 4, 1990, and a one-year limitations period commencing on that date would have expired on November 4, 1991, certain technical provisions of Code of Civil Procedure former section 353, subdivision (d) (Stats. 1990, ch. 140, § 1, p. 1172) extended the applicable limitations period in this case to January 1, 1992. Hence, CBSJ actually had almost 14 months after the death of deceased spouse within which to file its action against deceased spouse's estate, Mr. Rumsey, or both, and thereby comply with the statutory limitations period of former section 353.
[4] In light of this conclusion, the Court of Appeal found the issue of whether estoppel applied on these facts moot.
[5] As noted, Probate Code section 13554 now refers to Code of Civil Procedure section 366.2, which superseded Code of Civil Procedure former section 353 without substantive change (ante, fn. 1).
[6] The 1992 California Law Revision Commission comments to Code of Civil Procedure section 366.2, which superseded Code of Civil Procedure former section 353, reiterate the Legislature's intent that the one-year statute of limitations applies to all actions against a decedent on which the statute of limitations otherwise applicable had not run at the time of death. (1992 Ann. Rep., 21-22 Cal. Law Revision Com. Rep. (1991-1992) p. 921.)
[7] Jean Rumsey's estate involved a trust but was not subject to formal probate administration.
[1] Probate Code section 13551 provides: "The liability imposed by Section 13550 shall not exceed the fair market value at the date of the decedent's death, less the amount of any liens and encumbrances, of the total of the following: [¶] (a) The portion of the one-half of the community and quasi-community property belonging to the surviving spouse under Sections 100 and 101 that is not exempt from enforcement of a money judgment and is not administered in the estate of the deceased spouse. [¶] (b) The portion of the one-half of the community and quasi-community property belonging to the decedent under Sections 100 and 101 that passes to the surviving spouse without administration. [¶] (c) The separate property of the decedent that passes to the surviving spouse without administration."