[No. H034935. Sixth Dist. Feb. 9, 2011.]

DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING, Plaintiff and Appellant, v.
JOSEFINE MAYR et al., Defendants and Respondents.

## COUNSEL

Edmund G. Brown, Jr., Attorney General, Louis Verdugo, Jr., Assistant Attorney General, Angela Sierra and Anthony V. Seferian, Deputy Attorneys General, for Plaintiff and Appellant.

H. Ernest Fox for Defendants and Respondents.

## OPINION

ELIA, J.—After a jury found in favor of defendants in this housing discrimination action, the trial court ordered plaintiff, the Department of Fair Employment and Housing (DFEH or Department), to pay the costs and attorney fees of defendants, the owner of rental property and her property manager. DFEH appeals, contending that the court erroneously applied Code of Civil Procedure section 1028.5 as a sanction for pursuing a meritless action notwithstanding Government Code section 12989.2, which bars awards of litigation costs and fees either to or against a government agency in a housing discrimination action. We agree with DFEH that the latter statute governed the availability of costs and attorney fees in this case. We therefore must reverse the order.

### Background[1]

In June 2006 Ruben and Sandra Mendoza and their three children filed a complaint with DFEH, alleging discrimination based on national origin in the terms and conditions of their apartment rental. The Mendozas charged the apartment owner, Josefine Mayr, and the property manager, James Wilder, with "coercion, intimidation, and harassment" as well as the imposition on them of different terms and conditions from those accorded non-Hispanic tenants.[2] After investigating, DFEH found merit in the allegations, and on November 21, 2007, it filed a complaint in superior court alleging housing discrimination, intimidation, and harassment by the owner and property manager, in violation of Government Code sections 12955.7 and 12955, subdivisions (a), (c), and (f).

At the conclusion of the testimony before the jury, the court directed verdicts for respondents as to each of the real parties in interest except Ruben Mendoza, who was the only one for whom there was substantial evidence of

---

[1] Respondents ask this court to disregard references by DFEH to the reporter's transcript, because the agency elected to proceed on appeal without the reporter's transcript. Respondents imply that they are at a disadvantage, because they did not themselves order or review the reporter's transcript. This court nevertheless received the transcript, as DFEH had previously requested its preparation. Although resolution of the appellate issues requires limited reference to the reporter's transcript, we will, where relevant, cite it as necessary in relating the history of the case.

[2] The named defendants in the complaint were Mayr; Wilder, as an individual and doing business as Kendall, Potter & Mann Property Management; and Wilder Associates, a property management corporation owned by Wilder and his wife. Correspondence from Wilder listed his company as Wilder & Associates. Kendall, Potter & Mann Property Management was a broker with which Wilder had previously been associated.

damages. The court also directed a verdict for respondents on the second cause of action, in which DFEH had alleged multiple discriminatory statements made by Mayr.

According to the trial court's statement of decision,[3] the jurors unanimously found that no discrimination had occurred. At the court's request, the parties then briefed the question of whether the court had the authority to award costs and attorney fees. After receiving argument on the issue, the court rejected DFEH's reliance on Government Code section 12989.2 and ruled that such fees and costs were legally and factually permissible under Code of Civil Procedure section 1028.5. Accordingly, the court ordered DFEH to pay $7,500 to Mayr, $7,500 to Wilder, and $4,200 to Wilder Associates. This appeal followed.

## Discussion

The issue before us is whether Code of Civil Procedure section 1028.5 authorized attorney fees and litigation costs to be granted to respondents notwithstanding Government Code section 12989.2 (hereafter, section 12989.2), which prohibits such an award to or against the state in a housing discrimination action.

Section 12989.2, subdivision (a), provides: "(a) In a civil action brought under Section 12989 or 12989.1, if the court finds that a discriminatory housing practice has occurred or is about to occur, the court may award the plaintiff or complainant actual and punitive damages and may grant other relief, including the issuance of a temporary or permanent injunction, or temporary restraining order, or other order, as it deems appropriate to prevent any defendant from engaging in or continuing to engage in an unlawful practice. *The court may, at its discretion, award the prevailing party, other than the state, reasonable attorney's fees and costs, including expert witness fees, against any party other than the state.*" (Italics added.)

Code of Civil Procedure section 1028.5 provides, in relevant part: "(a) In any civil action between a small business or a licensee and a state regulatory agency, involving the regulatory functions of a state agency as applied to a small business or a licensee, if the small business or licensee prevails, and if

---

[3] The appellate record does not include a transcript of the proceedings at which the jury announced its verdict, nor does appellant's appendix include the completed verdict form.

the court determines that the action of the agency was undertaken without substantial justification, the small business or licensee may, in the discretion of the court, be awarded reasonable litigation expenses in addition to other costs. . . . [¶] (b) 'Reasonable litigation expenses' means any expenses not in excess of seven thousand five hundred dollars ($7,500) which the judge finds were reasonably incurred in opposing the agency action, including court costs, expenses incurred in administrative proceedings, attorney's fees, witness fees of all necessary witnesses, and such other expenses as were reasonably incurred."[4]

In rejecting DFEH's claim that section 12989.2 precluded an award of costs and attorney fees, the trial court reasoned that this statute "precludes awarding attorney fees against the State if such an award is made on the basis of prevailing party status. It does not specifically preclude an award based on another basis. This Court is awarding some costs and fees but not based on prevailing party status. Code of Civil Procedure § 1028.5 is a more specific statute than Government Code §12989.2(a) and it does allow an award of fees and costs, up to $7,500, when the preconditions are met. The Court finds that they have been." Specifically, the court found that DFEH was a regulatory agency, that the action against respondents "involved its regulatory functions," and that it had brought this action without "substantial justification," within the meaning of Code of Civil Procedure section 1028.5.

The parties primarily focus on two questions: (1) Which of the two statutes applies in this case? and (2) Did this action involve a regulatory agency exercising regulatory functions? The second question, of course, is relevant only if the answer to the first is that Code of Civil Procedure section 1028.5 prevails over Government Code section 12989.2.

DFEH maintains that Government Code section 12989.2 and Code of Civil Procedure section 1028.5 are in conflict and cannot be harmonized. Looking to the rules applicable to irreconcilable statutes, DFEH argues that section 12989.2, as the more recently enacted and more specific statute, "must be read as an exception to the more general statute." Thus, the Department argues, the court had no discretion to award costs and fees in contravention of the plain language of section 12989.2.

Respondents acknowledge the clear language of section 12989.2 barring recovery of costs and fees by the prevailing party in a housing discrimination

---

[4] Code of Civil Procedure section 1028.5, subdivision (c) defines "small business" as "a business activity that is all of the following: [¶] (1) Independently owned and operated. [¶] (2) Not dominant in its field of operation. [¶] (3) Not exceeding the following annual gross receipts or other criteria in the categories of: [¶] . . . [¶] (F) Services, two million dollars ($2,000,000)." DFEH has not contested the assumption that respondents were "small business owners."

action. In their view, however, this statute applies only when attorney fees are awarded on the basis of prevailing party status—that is, "solely because" that party "prevailed." If fees are awarded for other reasons—such as the state's initiating the action without substantial justification—they are authorized under Code of Civil Procedure section 1028.5. Thus, respondents argue, the latter statute is an *exception* to section 12989.2 and an "alternative basis" for "limited redress against State abuse of its power to a circumscribed class of citizens—small businesses."

The trial court agreed with respondents that section 12989.2 was not applicable: "One can understand that awarding costs against a discrimination litigant personally and directly may have a chilling effect on the willingness to come forward and make such claims, and consequently the [L]egislature chose to protect such individuals against such awards. However, that public policy is not applicable when the state brings a case. Instead, the small business defendants herein are subjected to the entire weight and power of the state in bringing such an action and cannot recover fees pursuant to this section if they win, even if the state has abused its power."

The court admitted that it was "not in a position to make public policy," and that it was "bound to follow the law, whether or not the application in a specific case seems egregious." Yet it appears to have applied its own sense of justice in setting aside the plain language of section 12989.2, implicitly finding that DFEH had "abused its power" by bringing a meritless, "frivolous" action. By suggesting that the statute could be avoided if costs can be granted on a basis other than prevailing party status, the court found a way around its application: award the costs as a sanction under Code of Civil Procedure section 1028.5.

We cannot endorse the disregard of clearly expressed statutory language with the excuse that it applies only when the "basis" is prevailing party status. In section 12989.2 the Legislature has simply permitted recovery of costs and fees by the prevailing party—except when the prevailing party is the state or the recovery is sought against the state. The successful party's entitlement to fees does not depend on any condition except that very fact: that he or she has prevailed. Nothing in the statute limits its application to a finding that the successful party is eligible for costs and fees "solely because" he or she prevailed. The court is accorded wide discretion to make such an award—*unless* either the prevailing party or the losing party is the state.

Although there is no ambiguity or lack of clarity in the language of section 12989.2, we nonetheless observe that the apparent intent of the Legislature is

reinforced by its legislative history, of which this court agreed to take judicial notice at the request of DFEH. Before its amendment in 1999, section 12989.2 disallowed costs and attorney fees *to* the state when it prevailed in a housing discrimination action. Recognizing the potential for recovery of costs and fees *against* the state in that version, in 1999 the Legislature amended subdivision (a) "to clarify that fees and costs cannot be awarded to or against the state." (Enrolled Bill Rep., Assem. Bill No. 1670 (1999–2000 Reg. Sess.).)

■ Accordingly, even if Code of Civil Procedure section 1028.5 would otherwise apply—that is, if DFEH is deemed to be a regulatory agency that was engaged in "regulatory functions" when it brought the lawsuit against respondents, that provision would not supersede section 12989.2. When statutes relating to the same subject potentially conflict, we must harmonize them, if possible, so as to effectuate both. (*Dyna-Med, Inc. v. Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1387 [241 Cal.Rptr. 67, 743 P.2d 1323]; *Chavez v. City of Los Angeles* (2010) 47 Cal.4th 970, 986 [104 Cal.Rptr.3d 710, 224 P.3d 41].) But if they cannot be reconciled in a particular application, "later and more specific enactments prevail, pro tanto, over earlier and more general ones." (*Wells v. One2One Learning Foundation* (2006) 39 Cal.4th 1164, 1208 [48 Cal.Rptr.3d 108, 141 P.3d 225]; see *Collection Bureau of San Jose v. Rumsey* (2000) 24 Cal.4th 301, 310 [99 Cal.Rptr.2d 792, 6 P.3d 713].)

We disagree with respondents' premise, that Code of Civil Procedure section 1028.5 is the more specific statute. Although the parties are identified more narrowly there (a "regulatory agency" performing "regulatory functions" and a "small business or licensee"), that statute applies in *any* civil action, whereas section 12989.2 is confined to civil actions involving alleged discriminatory housing practices. *Both* statutes allow fees and costs to the prevailing party if the action has been undertaken without substantial justification, but section 12989.2 carves out a specific exception in housing discrimination actions: the state may neither recover nor be subjected to such an award. Section 12989.2 is also the more recent provision, even in its original form.

■ We thus conclude that costs and attorney fees were unavailable to respondents. Even if DFEH's action could be viewed as involving the regulatory functions of a regulatory agency under Code of Civil Procedure section 1028.5, the trial court's viewing the litigation as frivolous did not overcome the prohibition clearly stated by the Legislature in section 12989.2.

## *Disposition*

The order awarding costs and attorney fees is reversed. Each party shall bear its own costs on appeal.

Rushing, P. J., and Premo, J., concurred.