Filed 6/25/13

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| STEVEN M. STRALEY, | B240380 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. YP011575) |
| v. | |
| WILLIAM O. GAMBLE III, as Trustee, etc., | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County. Dudley W. Gray II, Judge. Reversed.

Spierer, Woodward, Corbalis & Goldberg and Stephen B. Goldberg for Plaintiff and Appellant.

Law Office of Susan H. Hoover and Susan H. Hoover for Defendant and Respondent.

_____

Steven M. Straley appeals from a trial court order denying his petition for an order to determine the validity of a trust amendment (the petition). He contends that the trial court erred in finding that the petition was untimely pursuant to Probate Code sections 16061.7 and 16061.8[1] and that it was barred by the principle of laches.

We agree with appellant that he timely brought an action to contest the trust. Accordingly, we reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

*Factual Background*

Rebecca S. Straley, appellant's mother, was the trustor and settlor of the Rebecca S. Straley Living Trust Dated May 27, 2009 (the trust). Appellant was deliberately not named as a beneficiary of the trust. But, under the provisions of the trust, Mrs. Straley had the right, as settlor, to amend the trust in writing as she elected.

On April 3, 2011, Mrs. Straley executed (or attempted to sign) some sort of amendment to the trust (the amendment), purportedly distributing her entire estate to appellant. According to appellant's opening brief, Mrs. Straley had reconciled with appellant and wanted to amend the trust to include him as a beneficiary. Respondent William O. Gamble III (trustee), the successor trustee, challenges the validity of the amendment, pointing out that the amendment does not mention the trust, does not state that it was amending the trust, was likely "typed" by someone when Mrs. Straley was on her deathbed, and a shaky "R" is supposed to be Mrs. Straley's signature.

Mrs. Straley passed away on April 6, 2011.

*Procedural Background*

On April 21, 2011, the successor trustee served appellant with notice of the administration of the trust, pursuant to section 16061.7. Five days later, appellant was served with a copy of the trust.

---

[1] All further statutory references are to the Probate Code unless otherwise indicated.

On August 18, 2011, appellant filed the petition. In the petition, appellant asked the trial court to determine whether the entire trust distribution had been changed pursuant to the amendment. Appellant did not, however, serve notice of his petition until he served notice of hearing on October 28, 2011.

On November 28, 2011, the trustee filed and served his response to the petition, asserting, inter alia, that the petition was time-barred, pursuant to section 16061.7 and the doctrine of laches, and that the amendment was invalid. Specifically, the trustee claimed that the delay in serving notice of hearing on the petition for 187 days exceeded the 120-statutory period to "bring an action" to contest the trust under sections 16061.7 and 16061.8. Appellant filed a brief memorandum of points and authorities in rebuttal.

At the hearing on November 30, 2012, the trial court denied appellant's petition for the reasons set forth in the trustee's response. In particular, the trial court found that the petition was time-barred by section 16061.7 and by the equitable doctrine of laches.

Appellant's timely appeal ensued.

## DISCUSSION

### I. *Standard of review*

As the parties agree, we review the trial court's order to the extent it is based upon the interpretation of sections 16061.7 and 16061.8 de novo. (*People ex rel. Dept. of Transportation v. Dry Canyon Enterprises, LLC* (2012) 21 Cal.App.4th 486, 491.) "In construing a statute, [the court's] fundamental task is to ascertain the Legislature's intent so as to effectuate the purpose of the statute. [Citation.] We begin with the language of the statute, giving the words their usual and ordinary meaning. [Citation.] The language must be construed 'in the context of the statute as a whole and the overall statutory scheme, and we give "significance to every word, phrase, sentence, and part of an act in pursuance of the legislative purpose."' [Citation]" (*Smith v. Superior Court* (2006) 39 Cal.4th 77, 83.)

We review the trial court's finding that the doctrine of laches applies for abuse of discretion. (*In re Marriage of Fogarty & Rasbeary* (2000) 78 Cal.App.4th 1353, 1364–1365 (*Fogarty*).)

II. *The trial court erred in finding that appellant's petition was time-barred by the statute of limitations and the doctrine of laches*

A trustee or beneficiary of a trust may petition the court to determine the validity of a trust provision. (§ 17200, subd. (b)(3).) "A proceeding under this chapter is commenced by filing a petition stating facts showing that the petition is authorized under this chapter. The petition shall also state the grounds of the petition and the names and addresses of each person entitled to notice of the petition." (§ 17201.) At the time the petition is filed, the clerk's office sets a hearing date on the petition. (See, e.g., Super. Ct. L.A. County, Local Rules, rule 4.9.) Then, "[a]t least 30 days before the time set for the hearing on the petition, the petitioner shall cause notice of hearing to be mailed." (§ 17203, subd. (a.).)

The time frame in which to bring an action to contest a trust is delineated by statute. Section 16061.8 provides, in relevant part: "No person upon whom the notification by the trustee is served pursuant to this chapter . . . may bring an action to contest the trust more than 120 days from the date the notification by the trustee is served upon him."

Here, the trustee served the notification on appellant on April 21, 2011. Thus, appellant had until August 24, 2011, to "bring an action" to contest the trust. Because appellant filed his petition on August 18, 2011, the petition was timely filed. In other words, appellant brought an action to contest the trust within the time constraints set forth in section 16061.8.

In defending the trial court's order, the trustee argues that to "bring an action," appellant was required to file *and serve* his petition within the 120-day statutory period. In light of the procedure set forth above, we cannot agree. Appellant was not required to serve his petition at the time it was filed. Rather, he was required to serve his petition after the clerk set the hearing date, and at least 30 days before that hearing date.

Our conclusion is bolstered by the definition of the phrase "bring suit." To "bring suit" is to initiate legal proceedings in a legal action; "a suit is 'brought' at the time it is commenced." (Black's Law Dict. (6th ed. 1990) p. 192, col. 2.) If something more than

4

just filing the petition was required, either the Judicial Council or the Legislature could have said so.  (See, e.g., Cal. Rules of Court, rules 3.1342(a), 3.1700(a)(1).)

We also gain the guidance of other similar statutes.  (See, e.g., § 1000 [providing that the rules of practice in civil actions, including the Code of Civil Procedure, apply to proceedings under the Probate Code].)  In civil actions, "[a]n action is commenced . . . when the complaint is filed."  (Code Civ. Proc., § 350.)  And, the statute of limitations in civil actions stops running the moment the complaint is filed, not when it is served.  (See, e.g., *Brumley v. FDCC California, Inc.* (2007) 156 Cal.App.4th 312, 320 [statute of limitations operates prior to filing]; *McOwen v. Grossman* (2007) 153 Cal.App.4th 937, 943.)  Criminal actions are the same.  (See, e.g., Pen. Code, § 804, subd. (b); *Schmidlin v. City of Palo Alto* (2007) 157 Cal.App.4th 728, 792 ["A prosecution for a misdemeanor offense is not 'commenced' for criminal statute of limitations purposes until '[a] complaint is filed'"].)

While the statute does not use the word "filed," we believe that the statutory phrase "bring an action" is clear:  Appellant brought the action when he filed his petition.  Service of the petition was not required to timely bring an action.

Having determined that appellant's petition was timely under the terms of the statute, we next consider whether the petition was nonetheless barred by the doctrine of laches.  "Laches is an equitable defense to the enforcement of stale claims.  It may be applied where the complaining party has unreasonably delayed in the enforcement of a right, and where that party has either acquiesced in the adverse party's conduct or where the adverse party has suffered prejudice. . . .  [Citations.]"  (*Fogarty*, *supra*, 78 Cal.App.4th at pp. 1359–1360; see also *In re Marriage of Copeman* (2001) 90 Cal.App.4th 324, 333 ["'In practice, laches is defined as an unreasonable delay in asserting an equitable right, causing prejudice to an adverse party such as to render the granting of relief to the other party inequitable.  [Citation.]  Thus, if a trial court finds (1) unreasonable delay; and (2) prejudice, and if its findings are not palpable abuses of discretion, a finding of laches will be upheld on appeal.'  [Citation.]"], superseded by

5

statute on other grounds as stated in *In re Marriage of Fellows* (2006) 39 Cal.4th 179, 185.)

Despite the deferential standard of review, we conclude that the trial court erred in finding that appellant's petition was barred by the doctrine of laches. In particular, there is no indication that the trustee was prejudiced by any sort of delay in the timely filing and subsequent service of the petition. Certainly trusts are supposed to be administered expeditiously. (*Collection Bureau of San Jose v. Rumsey* (2000) 24 Cal.4th 301, 308.) But, there is no evidence here that the trust's assets were in fact administered before appellant's petition was heard. While the trustee argues that the trial court could have inferred that the trustee already commenced distributing trust assets, that argument is based upon pure speculation. (*City of Maywood v. Los Angeles Unified School Dist.* (2012) 208 Cal.App.4th 362, 386 [substantial evidence is not argument, speculation, unsubstantiated opinion or narrative]; *State Comp. Ins. Fund v. Workers' Comp. Appeals Bd.* (1998) 18 Cal.4th 1209, 1216 [speculation is not substantial evidence].)

## DISPOSITION

The order is reversed. Appellant is entitled to costs on appeal.

**<u>CERTIFIED FOR PUBLICATION</u>.**

_____, J.
ASHMANN-GERST

We concur:

_____, P. J.
BOREN

_____, J.
CHAVEZ

6