Filed 8/6/24  Estate of Montgomery CA1/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| Estate of HELENE A. MONTGOMERY, Deceased. | |
| JOHN LARSEN,<br>        Executor and Respondent,<br>v.<br>BARBARA HORSFALL,<br>        Objector and Appellant. | A169771<br><br>(Lake County<br>Super. Ct. No. PR503696) |

Barbara Horsfall appeals from an order dismissing her petition to revoke a will admitted to probate as the will of her mother, Helene Montgomery.  (Prob. Code, § 8270; statutory references are to this code unless otherwise indicated.)  The trial court dismissed the petition pursuant to a motion filed by Montgomery's executor, John Larsen, who claimed the court lacked jurisdiction to entertain Horsfall's petition because it was not timely served.  Larsen has declined to participate in this appeal.  We reverse.

## BACKGROUND

On April 18, 2023, Larsen filed a petition for probate of Montgomery's will, dated February 20, 2023 (the February 2023 will).  Larsen alleged that the February 2023 will, which names him as a beneficiary and executor, was

1

executed by Montgomery two days before she died on February 22.  The February 2023 will attached to Larsen's petition contains two handwritten paragraphs:  "Helene Montgomery last will and wishes and testament.  That will be splitting my property between my Ex Husband William Edward Montgomery and my nephew John J Larsen and my daughter Barbara Horsfall.  [¶]  My house, car, boat, bank accounts.  Bank Accounts are at Wells Fargo nephew John Larsen is my executor.  Property is to be split evenly between the three individuals mentioned above I wish to be cremated with ashes shared if they want."  A difficult to read signature appears beneath the two paragraphs and, beneath that, the following statement in handwriting that matches the substantive text:  "Wendy A Drew – witness."  Larsen attached to his petition an "All-Purpose Acknowledgment" completed by a notary public, who attested that Montgomery signed a handwritten last will dated February 20, 2023.  The acknowledgement form does not identify any additional witnesses.

The February 2023 will was admitted to probate on May 16, 2023.  On August 31, Horsfall filed a petition for revocation of Montgomery's "purported" will and admission of the true will to probate.  Horsfall contested the validity of the February 2023 will on the following grounds:  it was not written by Montgomery, and material provisions are not in her handwriting; it lacks formalities required for a valid will as there were not two witnesses to its execution; it was allegedly executed two days before Montgomery's death, and she was not of sound mind at that time; and it is not Montgomery's will "as it is the result of undue influence."

Horsfall alleged that when Larsen filed his probate petition, he was in possession of Montgomery's true will dated October 20, 2019 (the October 2019 will), which Horsfall sought to have admitted to probate.  She also

2

alleged the following facts in support of revocation: When Montgomery was on her deathbed, Larsen and William Montgomery told her she had no will and pressured her to make one before she passed. The February 2023 will was drafted by a nurse and does not reflect Montgomery's true intentions, which are captured in the October 2019 will that was prepared by an estate planning attorney. In the days prior to Montgomery's death, she was heavily medicated, not of sound mind, and lacked the capacity to execute a will.

A hearing on the revocation petition was scheduled for November 7, 2023. The matter was continued because Larsen filed a motion to quash "service of summons" and dismiss the revocation petition due to lack of personal jurisdiction over him. The factual "basis" for Larsen's motion was that "the summons and complaint were not properly served" on Larsen, William Montgomery, or Horsfall. In a supporting memorandum, he stated that no summons was issued when Horsfall filed her revocation petition, and no summons was subsequently served on him or the beneficiaries during the 120-day statute of limitations period applicable to post-probate will contests. (Citing § 8270.) Larsen characterized the 120-day period as jurisdictional. (Citing §§ 8270–8271.) He also argued that without a "valid" summons, the court could not exercise personal jurisdiction over him and, on that ground, moved for an order "quashing the service of summons in this action," and dismissing the revocation petition.

Horsfall filed opposition to the motion to quash and dismiss her petition. She argued Larsen had misconstrued section 8270, which establishes a statute of limitations for filing a petition, not for serving a summons. Horsfall maintained that because her petition was timely filed, it should not be dismissed. She argued further that service of a revocation petition and summons are governed by different statutes, and even if those

3

rules were violated, they are not jurisdictional.  (Citing, e.g., Civ. Proc. Code, § 583.210.)  Disputing Larsen's contention that the court did not have personal jurisdiction over him, Horsfall pointed out that Larsen had filed this action and was already appointed as executor of Montgomery's will.

A hearing on Larsen's motion was set for December 19, 2023.  The appellate record contains no substantive information about that hearing, not even a minute order.  What we do know is that on December 19, the superior court judge signed a proposed order that Larsen had prepared for the November 7 hearing.  The court granted Larsen's motion to dismiss Horsfall's revocation petition with prejudice and to quash "service of the summons" on Larson, based on the following findings:  (1) "there is no constitutionally sufficient basis for the State of California to exercise jurisdiction over the person of respondent, John Larsen"; (2) Larsen was not "served in the manner required by law"; and (3) a revocation petition could not properly be filed, as the statute of limitations expired.

## DISCUSSION

Horsfall contends the superior court erred by dismissing her revocation petition.  The dismissal based on lack of jurisdiction presents questions of law, which we review de novo.  (See e.g., *Deiro v. Los Angeles County Civil Service Com.* (2020) 56 Cal.App.5th 925, 929–930.)

The Probate Code establishes distinct, though overlapping procedures for challenging a will before and after its admission to probate.  A contest of a will not yet admitted to probate may be initiated by filing an objection to probate of the will.  (§§ 8004, subd. (b), 8250, subd. (a).)  "Thereafter, a summons shall be issued and served, with a copy of the objection" on persons entitled to notice of the proceeding.  (§ 8250, subd. (a), see § 8110.)  The summons is to "be issued and served as provided in Chapter 3 (commencing

4

with Section 412.10) and Chapter 4 (commencing with Section 413.10) of Title 5 of Part 2 of the Code of Civil Procedure." (§ 8250, subd. (a).) Pertinent here, Code of Civil Procedure section 412.10 authorizes a plaintiff to have a clerk issue summons for each defendant upon payment of a fee, and section 413.10, et seq. addresses methods for serving a summons.

"Within 120 days after a will is admitted to probate," a petition to revoke the probate of the will may be filed by an "interested person" who was not a party to a contest of the will and did not have actual notice of a contest in time to participate therein. (§ 8270, subd. (a).) Upon the filing of a revocation petition, a summons shall be directed to the decedent's personal representative, heirs, and devisees, "so far as known to the petitioner." (§ 8271, subd. (a).) "The summons shall be issued and served with a copy of the petition and proceedings had as in the case of a contest of the will." (*Id.*, subd. (b).) In other words, issuance and service of a summons in a revocation matter is also governed by Code of Civil Procedure sections 412.10 and 413.10, et seq.

Here, Horsfall challenged a will admitted to probate by filing her revocation petition under section 8270. In Larsen's motion to dismiss that petition, he characterized the 120-day statutory limitations period for filing a revocation petition as jurisdictional, but failed to cite any authority for that proposition. Under former law, a contest filed more than a year after probate of the will was deemed invalid on the ground the court was without jurisdiction to hear it. (*Estate of Smith* (1931) 214 Cal. 50, 51–52 [applying former section 1333 of the Code of Civil Procedure].) However, we find no authority construing the limitations period in section 8270 as a jurisdictional bar. We note that courts are not to "assume that the Legislature intended to imbue a time bar with jurisdictional consequences merely because the statute

5

speaks in mandatory terms." (*Law Finance Group*, *LLC v. Key* (2023) 14 Cal.5th 932, 950 [" 'jurisdictional rules are mandatory, but mandatory rules are not necessarily jurisdictional' "].)

In any event, Horsfall filed her revocation petition within the 120-day period codified in section 8270. The February 2023 will was admitted to probate on May 16, and Horsfall filed her petition 108 days later on August 31. Thus, even assuming the statutory deadline is jurisdictional, Horsfall's petition was not subject to dismissal pursuant to section 8270. The superior court's finding in its December 19 order that a timely revocation petition could not be filed was error, as such a petition had already been filed.

In moving to dismiss the revocation petition, Larsen also argued the petition is invalid because Horsfall did not serve him with a summons. Notably, Larsen did not claim that failure to timely serve a summons deprives the court of subject matter jurisdiction. "[A] proceeding to contest a will is in the nature of a proceeding *in rem*, and when once the jurisdiction of the court to determine the validity of the will attaches by the filing of a contest in time, it does not lose jurisdiction thereof until disposition has been made of the matter." (*Voyce v. Superior Court* (1942) 20 Cal.2d 479, 487; see e.g., *Estate of Golden* (1935) 4 Cal.2d 300, 305–306 [motion to dismiss revocation petition properly denied; failure to effectuate proper service did not deprive court of jurisdiction]; see also *Estate of Harootenian* (1951) 38 Cal.2d 242.)

Larsen's argument, accepted by the superior court, was that the State of California did not have personal jurisdiction over him because he was not served with a summons. As support for this contention, Larsen relied on authority finding that compliance with the statutory procedures for service of process is essential to establish personal jurisdiction over a defendant in a

6

civil action. (Citing *Kremerman v. White* (2021) 71 Cal.App.5th 358, 371 [trial court lacked jurisdiction to enter default judgment against defendant who was not properly served with summons].) This authority is inapposite. "Service of process ordinarily occurs at the outset of a case, before a defendant . . . has appeared in the action. In those circumstances, service of process is required to obtain personal jurisdiction over the defendant." (*Estate of Moss* (2012) 204 Cal.App.4th 521, 534.) In the present case, by contrast, Larsen is not a defendant and he has already appeared in this probate action. Indeed, he initiated this case by filing a petition to probate the February 2023 will. Under these facts, the superior court erred by accepting Larsen's unsupported contention that the court lacked personal jurisdiction over him.

The court's only other finding was that Larsen had not been served in a manner required by law. We accept this finding, as far as it goes. But, standing alone, it does not justify dismissing the petition for lack of jurisdiction, for reasons outlined above. (See also *Straley v. Gamble* (2013) 217 Cal.App.4th 533, 538 [in trust dispute, service of petition is "not required to timely bring an action"].) Nor do we find authority for granting Larsen's motion to quash, in light of the undisputed fact that summonses for the revocation petition had not been issued when the motion was granted.

Larsen based his motion to quash on Code of Civil Procedure section 418.10, subdivision (a) (section 418.10(a)), which authorizes a defendant in a civil action to file a motion to quash service of a summons for lack of personal jurisdiction. He cited no authority for invoking section 418.10(a) in a probate matter. In any event, by its own terms, section 418.10(a) does not come into play unless a summons has already issued and been served. This provision

does not authorize an executor who has already appeared in a pending probate proceeding to preemptively quash service of an anticipated summons.

To be sure, consequences may follow from failure to timely serve a summons. We leave that matter for the superior court to determine in the first instance. (See *Horney v. Superior Court of Santa Clara County* (1948) 83 Cal.App.2d 262 [trial court not required to dismiss revocation petition for failure to serve citation that functioned as summons under former law].) However, we do find that the superior court erred by quashing a nonexistent summons. That error and the court's erroneous jurisdiction findings necessitate reversal for the court to reconsider Larsen's objections to the revocation petition.

## DISPOSITION

The order dismissing Horsfall's petition is reversed and the matter is remanded for further proceedings consistent with this opinion. Costs are awarded to Horsfall.


TUCHER, P.J.


WE CONCUR:

PETROU, J.
RODRÍGUEZ, J.


*Estate of Montgomery* (A169771)

8