[Civ. No. 10379.   First Appellate District, Division Two.—November 17, 1937.]

MARTHA SONNICKSEN, Appellant, v. ESTATE OF ANDREW O. SONNICKSEN, Deceased, Respondent.

Paul A. McCarthy and Lakin & Leve for Appellant.

Kenneth R. McDougall and J. W. Coleberd for Respondent.

SPENCE, J.—This is a companion case to *Estate of Sonnicksen*, No. 10456, the opinion in which has been this day filed (*ante*, p. 475 [73 Pac. (2d) 643]).   After the probate court had denied plaintiff's petition for an order directing the conveyance of certain real estate, plaintiff filed a claim against the estate attaching thereto the written agreement set forth in the last-mentioned opinion.   Said claim was rejected by the probate court and plaintiff filed this action upon the rejected claim.   The cause was tried by the court sitting without a jury and from a judgment denying plaintiff any relief, plaintiff has appealed.

The complaint was in two counts. The first count was based upon said written agreement and sought damages in the amount of the alleged value of the real property at the time of the death of said deceased. The second count was based upon a *quantum meruit* in which it was alleged that the reasonable value of plaintiff's services to the deceased from January 1, 1931, to May 6, 1935, was the sum of $150 per month. The prayer of the complaint was for judgment allowing plaintiff's claim for the sum of $5,000, said sum being the alleged value of the real property, or in the event said claim was not granted, then for the sum of $2,700, said sum being the alleged reasonable value of said services. The trial court found and concluded that the said written agreement had been terminated by the contract of marriage and the marriage of the parties pursuant thereto on June 23, 1932, and further found and concluded that the alleged cause of action upon a *quantum meruit* was barred by the provisions of section 339 of the Code of Civil Procedure. The judgment against plaintiff was entered accordingly.

Appellant contends that the trial court erred in finding and concluding that said written agreement between appellant and the deceased was terminated by their marriage. We find no merit in this contention. It was made in the companion case, was there decided adversely to appellant's contention and therefore requires no further discussion here.

The second contention of appellant is that the trial court erred in finding and concluding that appellant's claim upon a *quantum meruit* was barred by the statute of limitations. We are of the opinion that this contention is likewise without merit. In her brief, appellant "concedes that from the date of the marriage of Sonnicksen and herself her services as his wife were referable entirely to the marital status and contract, and that her right to compensation is confined to services in the period between January 1, 1931, and their marriage on June 23, 1932". Her claim was therefore based upon an alleged promise implied by law to pay the alleged reasonable value of her services up to June 23, 1932, and was not based upon the written agreement which provided for compensation in a different manner and which had been terminated on June 23, 1932. Her alleged cause of action, if any, upon a *quantum meruit* accrued not later than the time of the termination of the written agreement on June 23,

1932, and as the deceased died on May 6, 1935, and the claim was thereafter presented, the trial court properly held that the alleged cause of action was barred by the provisions of said section 339. Appellant cites several authorities in support of the claim that her cause of action did not accrue until the death of the deceased. Said authorities do not support said claim as none involved a situation where the express agreement of the parties had been terminated as in the present case.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 14, 1938.