[No. E035882. Fourth Dist., Div. Two. Apr. 19, 2005.]

SANDRA SHEWRY, as Director, etc., Plaintiff and Respondent, v. ALBERT J. BEGIL, Defendant and Appellant.

**COUNSEL**

Elder Law Center, Donna R. Bashaw and Joseph M. Geis for Defendant and Appellant.

Bill Lockyer, Attorney General, Thomas R. Yanger, Assistant Attorney General, John H. Sanders and John Venegas, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**HOLLENHORST, Acting P. J.**—Defendant Albert J. Begil (Begil) appeals from an adverse judgment in a recovery action brought by the Department of Health Services (DHS) seeking reimbursement for Medi-Cal benefits provided to his mother, Juanita Begil (Juanita), while she was a resident at a skilled nursing facility. Begil contends that the trial court erred in (1) applying the three-year statute of limitations under Code of Civil Procedure section 338, subdivision (a) rather than the one-year statute of limitations under Code of Civil Procedure section 366.2; (2) finding that the statute of limitations began to run with DHS's receipt of notice under Probate Code section 215; (3) awarding prejudgment interest to DHS; (4) failing to find that the action was barred by laches; and (5) refusing to reopen the proceedings to allow him to present evidence that DHS had actual knowledge that Juanita did not have a surviving spouse. We find no error, and we affirm.

## FACTS AND PROCEDURAL BACKGROUND

On December 19, 2002, Diana M. Bontá, as then director of the DHS, filed a complaint against Begil to enforce and collect money due on Medi-Cal creditor's claim. The complaint alleged that DHS was entitled to reimbursement from Juanita's estate for the portion of the health care services that were paid for by the State of California Medi-Cal program, which is administered by the DHS. In his answer to the complaint, Begil asserted the defenses of laches and the statute of limitations.

A bench trial was held on February 4, 2004, at which the parties stipulated that there were no disputed facts to resolve, and the matter involved only issues of law. The trial court issued a statement of decision holding that (1) the defense of laches did not apply; (2) the matter was governed by a three-year statute of limitations; (3) the statute of limitations had not run before the complaint was filed; and (4) DHS was entitled to prejudgment interest.

Juanita had been a resident at a skilled nursing facility before her death. While she was there, her health care services were paid for, in part, by the State of California Medi-Cal program, administered by DHS. Juanita died on May 9, 1999. Shortly after that, the nursing facility informed Begil that Medi-Cal had been notified of Juanita's death, and the payments from Medi-Cal had been stopped.

In June 1999, DHS sent Begil a "Medi-Cal Estate Questionnaire" informing him that he was required to provide DHS with a Probate Code section 215 notice. On December 27, 1999, Begil sent DHS a notification of Juanita's death and provided a copy of her death certificate. Following an exchange of correspondence between the parties, DHS requested reimbursement from Juanita's estate in the amount of $72,094.56. Reimbursement was never made, and on December 19, 2002, DHS filed its complaint seeking reimbursement.

## DISCUSSION

### A.  *Standard of Review*

■ Matters presenting pure questions of law, not involving the resolution of disputed facts, are subject to de novo review. (*Ghirardo v. Antonioli* (1994) 8 Cal.4th 791, 799 [35 Cal.Rptr.2d 418, 883 P.2d 960].)

## B. *Applicable Statute of Limitations*

Begil contends that the trial court erred in applying the three-year statute of limitations under Code of Civil Procedure section 338, subdivision (a) (hereafter, section 338(a))[1] instead of the one-year statute of limitations under Code of Civil Procedure section 366.2 (hereafter, section 366.2).[2] DHS's action for reimbursement was based on Welfare and Institutions Code section 14009.5[3] and California Code of Regulations, title 22, section 50961.[4] Neither the statute nor the regulation identifies the applicable statute of limitations. Moreover, the parties have not cited, and our research has not revealed, any case law specifically on point.

When "a specific limitations period applies, the more general period codified in Code of Civil Procedure section 338 is inapplicable." (*Howard Jarvis Taxpayers Assn. v. City of Los Angeles* (2000) 79 Cal.App.4th 242, 248 [93 Cal.Rptr.2d 742].) Begil argues that section 366.2 is the more specific statute, and as such, should have been applied.

---

[1] Section 338 provides: "Within three years: [¶] (a) An action upon a liability created by statute, other than a penalty or forfeiture."

[2] Section 366.2, subdivision (a) limits a creditor's time for filing an action to one year after the date of death: "If a person against whom an action may be brought on a liability of the person, whether arising in contract, tort, or otherwise, and whether accrued or not accrued, dies before the expiration of the applicable limitations period, and the cause of action survives, an action may be commenced within one year after the date of death, . . ."

[3] Welfare and Institutions Code section 14009.5 provides as follows: "(a) Notwithstanding any other provision of this chapter, the department shall claim against the estate of the decedent, or against any recipient of the property of that decedent by distribution or survival an amount equal to the payments for the health care services received or the value of the property received by any recipient from the decedent by distribution or survival, whichever is less. [¶] (b) The department may not claim in any of the following circumstances: [¶] . . . [¶] (2) Where there is any of the following: [¶] (A) A surviving spouse during his or her lifetime. . . . [¶] . . . [¶] (c)(1) The department shall waive its claim, in whole or in part, if it determines that enforcement of the claim would result in substantial hardship to other dependents, heirs, or survivors of the individual against whose estate the claim exists. [¶] (2) The department shall notify individuals of the waiver provision and the opportunity for a hearing to establish that a waiver should be granted."

[4] California Code of Regulations, title 22, section 50961 provides: "(a) The Department shall claim against the estate of a decedent, or against any recipient of the decedent's property by distribution or survival, an amount equal to the lesser of: [¶] (1) All payments made by the Medi-Cal program on behalf of the decedent; or, [¶] (2) The decedent's equity interest in the property. [¶] (b) All payments made by the Medi-Cal program on behalf of decedents: [¶] . . . [¶] (2) Age 65 and older, who died on or after July 11, 1994, shall include all payments made from age 65 and older, in addition to any payments made from age 55 to 64 that were paid on or after October 1, 1993; [¶] . . . [¶] (d) The Department shall not make a claim in any of the following circumstances: [¶] . . . [¶] (2) During the lifetime of a surviving spouse . . . "

In *Collection Bureau of San Jose v. Rumsey* (2000) 24 Cal.4th 301, 308 [99 Cal.Rptr.2d 792, 6 P.3d 713], the court accepted, without discussion, that the one-year statute of limitations under section 366.2 applied in the action of a collection agency against the estate of the decedent for recovery of hospital and medical expenses of the decedent. The court further held that the one-year statute of limitations similarly applied to the collection agency's action against the surviving spouse. (*Rumsey, supra,* at p. 310.) *Rumsey* is distinguishable from the present case, however, in that the plaintiff in *Rumsey* was an ordinary creditor under a contract with the deceased person, whereas in the present case, the Medi-Cal reimbursement claim exists only by right of statute, and only against the deceased person's estate.

■ The Law Revision Commission comment to section 366.2 states, "Section 366.2 restates former Section 353(b) without substantive change. This section applies a one-year statute of limitations on all actions *against a decedent* on which the statute of limitations otherwise applicable has not run at the time of death. This one-year limitations period applies regardless of whether the statute otherwise applicable would have expired before or after the one-year period." (Italics added.) We conclude that on its face, section 366.2 applies to claims that could have been brought against the decedent had he or she lived. Thus, section 366.2 is inapplicable to the present action, brought on a statutory liability that arose only upon the decedent's death and which could not have been brought against the decedent. (See *Kizer v. Hanna* (1989) 48 Cal.3d 1, 8 [255 Cal.Rptr. 412, 767 P.2d 679] [stating that the right to reimbursement under Welf. & Inst. Code, § 14009.5 "arises, if at all, at the time of the recipient's death and is dependent on conditions existing at such time"].)

■ For purposes of section 338(a), " ' "[a] liability created by statute is one in which no element of agreement enters. It is an obligation which the law creates in the absence of an agreement." [Citations.]' " (*Blue Cross of Northern California v. Cory* (1981) 120 Cal.App.3d 723, 742 [174 Cal.Rptr. 901].) In other words, it is a liability that would not exist but for the statute. (See *Travelers Express Co., Inc. v. Cory* (9th Cir. 1981) 664 F.2d 763.)

In *Kizer v. Ortiz* (1990) 219 Cal.App.3d 1055 [268 Cal.Rptr. 666] (*Ortiz*), the parties agreed that the three-year statute of limitations under section 338(a) applied to the filing of a claim for Medi-Cal reimbursement from a personal injury settlement because the liability was based on a statute. *Ortiz* is not precisely on point, in that the right of reimbursement did not come from a deceased person, but from a personal injury settlement. Nonetheless, in *Ortiz*, as in the present case, the right of reimbursement arose under a statute. Thus, we conclude that the trial court did not err in applying the three-year statute of limitations under section 338(a).

### C. *Commencement of Running of Statute of Limitations*

Begil next contends that, even if the three-year statute of limitations was properly applied, the action accrued on Juanita's death on May 9, 1999, and the action was not commenced within three years after that date. DHS argues, however, that the action did not accrue until *notice* of her death, on February 29, 2000, under Probate Code section 215.

Probate Code section 215 provides: "Where a deceased person has received or may have received health care under Chapter 7 (commencing with Section 14000) or Chapter 8 (commencing with Section 14200) of Part 3 of Division 9 of the Welfare and Institutions Code, or was the surviving spouse of a person who received that health care, the estate attorney, or if there is no estate attorney, the beneficiary, the personal representative, or the person in possession of property of the decedent shall give the Director of Health Services notice of the decedent's death not later than 90 days after the date of death. The notice shall include a copy of the decedent's death certificate. The notice shall be given as provided in Section 1215, addressed to the director at the Sacramento office of the director."

As a general rule, the statute of limitations begins to run upon a present right to sue. (See, e.g., *Lubin v. Lubin* (1956) 144 Cal.App.2d 781, 789 [302 P.2d 49].) However, "[w]hen the Legislature mandates notice to an agency, the statute of limitations will not begin to run until notice is provided." (*Ortiz, supra*, 219 Cal.App.3d at p. 1059.) Here, Probate Code section 215 required notice to the DHS, and notice was not provided until December 27, 1999. We conclude that the trial court properly found that the action was timely.

Begil argues, nonetheless, that the DHS at all relevant times had actual notice of Juanita's death and the fact that she had no surviving spouse. Shortly after Juanita's death, the nursing facility informed Begil that Medi-Cal had been notified of Juanita's death, and the payments from Medi-Cal had been stopped. Moreover, DHS received Juanita's death certificate on December 27, 1999; the death certificate indicated she was a widow when she died. Begil thus contends that the action was untimely under the discovery rule. We disagree. Notice under Probate Code section 215 constitutes a bright line for the commencement of the running of the statute of limitations. Begil's argument would make the requirement of notice under Probate Code section 215 a meaningless act.

### D. *Laches*

Begil argues that even if the statute of limitations had not run, laches prevented the DHS's action. "The doctrine of laches applies in equitable

actions alone. [Citations.]" (*Blue Cross of Northern California v. Cory, supra,* 120 Cal.App.3d at pp. 743–744.) Therefore, it was not available as a defense in DHS's action at law against Begil for reimbursement of Medi-Cal expenditures.

### E. *Prejudgment Interest*

■ Begil argues that the trial court erred in awarding prejudgment interest to DHS under Civil Code section 3287 (hereafter, section 3287). That section provides: "(a) Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt. This section is applicable to recovery of damages and interest from any such debtor, including the state or any county, city, city and county, municipal corporation, public district, public agency, or any political subdivision of the state." Begil contends that by its terms, section 3287 applies only to interest on damages, and DHS's right to reimbursement was not damages. Damages are defined in Civil Code section 3281 as follows: "Every person who suffers detriment from the unlawful act or omission of another, may recover from the person in fault a compensation therefor in money, which is called damages."

■ Begil argues that section 3287 does not apply because "DHS has a statutory claim. Also, there has not been a loss or harm suffered in person or property." However, in *Blue Cross of Northern California v. Cory, supra,* 120 Cal.App.3d 723, 744–747, the court held that prejudgment interest under section 3287 applied to another liability created solely by statute, in that case, the State Controller's cause of action against a hospital service corporation for recovery of unclaimed money under the Unclaimed Property Law.

Here, the amount of the reimbursement due to DHS was certain, and Begil's liability arose from Begil's failure to reimburse Medi-Cal. The trial court did not err in awarding prejudgment interest.

### F. *Due Process*

■ When the trial court issued its tentative decision indicating its conclusion that the statute of limitations was tolled until DHS discovered whether the decedent had left a surviving spouse, Begil requested the opportunity to present evidence that DHS knew at the time of Juanita's death that she left no surviving spouse. The trial court denied the request. Begil now contends that

the trial court's denial of the request deprived him of due process. We disagree. We conclude that notice under Probate Code section 215 began the running of the statute of limitations; thus, DHS's purported earlier knowledge of underlying facts was legally irrelevant.

## DISPOSITION

The judgment is affirmed.

Gaut, J., and King, J., concurred.

On May 4, 2005, the opinion was modified to read as printed above.