[No. A120402. First Dist., Div. Three. Feb. 27, 2009.]

SANDRA SHEWRY, as Director, etc., Plaintiff and Respondent, v. MARY WOOTEN, as Personal Representative, etc., Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion filed February 27, 2009, is certified for publication with the exception of parts A., B. and D. of the Discussion.

742

## COUNSEL

Angela L. Morgan for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Douglas M. Press, Assistant Attorney General, Karin S. Schwartz and Stephanie H. Walk, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**JENKINS, J.**—Defendant Mary Wooten, as personal representative of the estate of Merlee Dowe, appeals the judgment entered in favor of plaintiff Sandra Shewry, Director of the State Department of Health Care Services (the Department). After a bench trial, the trial court awarded judgment to the Department on its claim, filed pursuant to Welfare and Institutions Code section 14009.5,[1] for reimbursement of expenditures on health care services provided to Dowe before she died. The trial court awarded judgment to the Department on the ground that its claim was timely because Wooten failed to provide notice of Dowe's death to the Department as required by Probate Code section 9202.[2]

Wooten contends that (1) the trial court should have barred the Department's evidence on the issue of notice under the doctrine of collateral estoppel; (2) she was prejudiced by the admission of the Department's evidence regarding notice; (3) the trial court misapplied the law and ignored applicable sections of the Probate Code governing the Department's claim; (4) the trial court was predisposed to rule in the Department's favor because it is a state agency. Having thoroughly considered each of appellant's contentions of error, we affirm.

### Factual and Procedural Background

Merlee Dowe received Medi-Cal benefits from January 1991 until her death on May 21, 2003. During that period, the Department paid $200,044.99 through its Medi-Cal program for medical care and treatment provided to Dowe.

On July 28, 2003, the Department sent a Medi-Cal Estate Questionnaire form to Dowe's daughter, Evelyn Sasser. On August 18, 2003, Sasser sent a completed Medi-Cal estate questionnaire form to the Department, and included with it a certificate of death. The questionnaire disclosed that Dowe owned property worth an estimated $250,000. On December 10, 2003, the Department forwarded to Sasser a detailed claim in the amount of $200,044.99 for Medi-Cal expenses paid on behalf of Dowe. On December

---

[1] This section mandates that "the department shall claim against the estate of the decedent, or against any recipient of the property of that decedent by distribution or survival an amount equal to the payments for the health care services received or the value of the property received by any recipient from the decedent by distribution or survival, whichever is less." (Welf. & Inst. Code, § 14009.5, subd. (a).)

[2] Further statutory references are to the Probate Code unless otherwise noted. Section 9202 provides that no later than 90 days after letters testamentary are issued, the estate attorney must provide notice of decedent's death to the Department and the Department "has four months after notice is given in which to file a claim." (§ 9202, subd. (a).)

16, 2003, the Department filed in probate court a creditor's claim in the same amount against the estate of Marlee Dowe.

On September 8, 2003, defendant Mary Wooten, as nominated executor of Dowe's estate, filed a Petition for Probate of Will and for Letters Testamentary and Proof of Holographic Instrument (*Estate of Dowe* (Super. Ct. Alameda County, No. RP03115472)). On August 12, 2004, the court issued Wooten letters testamentary and appointed her executor of Dowe's estate.

On January 28, 2005, Wooten rejected the Department's claim in its entirety by filing a rejection of creditor's claim. On April 15, 2005, the Department filed a complaint against Wooten as personal representative of Dowe's estate to enforce and collect money due on its Medi-Cal creditor's claim against Dowe's estate. On August 11, 2006, the Department filed a motion for summary judgment.

On November 27, 2006, the trial court issued an order denying the Department's motion for summary judgment. In its order, the trial court stated: "The Department conceded at the [summary judgment] hearing that, subsequent to . . . Mary Wooten's appointment as the personal representative of the Defendant Estate, she mailed notice to the Department advising of decedent's death thus satisfying her (the personal representative's) obligations under Probate Code section 9202. The Department further conceded at the hearing that it did not, at any point within the time frame prescribed by Probate Code section 9150(c), serve the personal representative with the creditor's claim." The order concluded that the Department failed to bear the burden of proof on each element of its claim, in particular "by failing to demonstrate that the creditor's claim upon which [the Department's] claim is based was filed in the manner mandated by Probate Code section 9150."[3]

A bench trial was held on May 1, 2007. The Department called its tax compliance representative, Estela Contreras. Counsel for the Department showed Contreras exhibit P, a copy of a letter addressed to the Department from Wooten's attorney and dated August 16, 2004.[4] Contreras testified that if the Department had received exhibit P, the Department "would have sent a formal claim to the attorney and made a case note to reflect that it did go out on that date." Contreras added that under standard procedures, "all documents

---

[3] Section 9150 provides that a creditor's claim "shall be filed with the court and a copy shall be served on the personal representative . . . [¶] . . . within the later of 30 days of the filing of the claim or four months after letters issue to a personal representative with general powers." (§ 9150, subds. (b)–(c).)

[4] The letter was attached as exhibit 1 to a declaration by Wooten's counsel, Angela Morgan, filed in support of Wooten's opposition to the Department's motion for summary judgment which the trial court denied on November 27, 2006.

that come into the [Department's] Estate Recovery Unit . . . are logged in to the ACMS system and therefore reflected in [the] case notes." Contreras stated that there was no case note in the file reflecting exhibit P, which meant that the Department had not received it.

Wooten's counsel Angela Morgan testified that she did not dictate exhibit P to her secretary. Rather, Morgan stated: "I pretty much told her what to say, and she typed it." Morgan said she believed her secretary at the time was Lynette Lessy but it may have been Dawn Brown. Morgan stated that she did not witness her secretary mail the letter, but added that "I don't see her do half of [the] things in my office, but they always got done."

The trial court filed its statement of decision on November 26, 2007. In its statement of decision, the trial court found that Wooten, as personal representative of the Dowe estate, "did not provide notice of the decedent's death in the manner provided in Section 215[5] that triggered the four months after notice is given in which to file a claim [under section 9202]." The statement of decision also concluded that a concession "by counsel for the Department during a hearing on a motion for summary judgment to the effect that the Department had received . . . notice from [Wooten]" was a mistake, was not binding on the Department at trial, and had not prejudiced presentation of Wooten's case at trial. On November 26, 2007, judgment was entered in favor of the Department in the amount of $200,044.99 plus allowable interest and costs. Notice of entry of judgment was filed on December 5, 2007, and Wooten filed a timely notice of appeal on January 3, 2008.

## DISCUSSION

A., B.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### C. *Applicable Sections of the Probate Code*

Wooten contends the trial court ignored applicable sections of the Probate Code in awarding judgment to the Department on its claim. In particular, Wooten asserts the Department's claim was untimely pursuant to section

---

[5] Section 215 provides: "Where a deceased person has received or may have received health care . . . the estate attorney, or if there is no estate attorney, the beneficiary, the personal representative, or the person in possession of property of the decedent shall give the Director of Health Services notice of the decedent's death not later than 90 days after the date of death. The notice shall include a copy of the decedent's death certificate. . . ."

*See footnote, *ante*, page 741.

9100,[8] that the Department failed to comply with the notice requirements under section 9150,[9] and that the Department should have utilized procedures for filing a late claim set forth in section 9103.[10]

Wooten's reliance on sections 9100, 9103 and 9150 is misplaced. Sections 9100, 9103 and 9150 are found under chapters 3 and 4 of part 4 of division 7 of the Probate Code and are among the general provisions governing creditor claims. The Department's claim, on the other hand, is governed by the *specific* provisions for creditor claims by *public entities* found under chapter 5 of the same part—sections 9200 to 9205.

▇ Section 9200 provides: "*Except as provided in this chapter* [chapter 5], a claim by a public entity shall be filed within the time otherwise provided in this part. . . ." (§ 9200, subd. (a), italics added.) Section 9201 states: "Notwithstanding any other statute, if a claim of a public entity arises under a law, act, or code listed in subdivision (b): [¶] . . . [¶] . . . [t]he claim is barred *only after written notice . . . to the public entity and expiration of the period provided in the applicable section*. If no written notice or request is made, the claim is enforceable by the remedies, *and is barred at the time, otherwise provided in the law, act, or code*." (§ 9201, subd. (a)(2), italics added.) Subdivision (b) of section 9201, under the heading "Law, Act, or Code," lists the "Medi-Cal Act (commencing with Section 14000 of the Welfare and Institutions Code)" and states that section 9202 is the "Applicable Section" governing claims brought pursuant to section 14000 of the Welfare and Institutions Code. (§ 9201, subd. (b).) Section 9202 mandates that a personal representative or estate attorney must provide notice to the Director of Health Services of the decedent's death within 90 days of the date letters testamentary are issued. (§ 9202.) The director then "has four months after notice is given in which to file a claim." (§ 9202, subd. (a).)

---

[8] Section 9100 provides that "[a] creditor shall file a claim before expiration of the later of the following times: [¶] (1) Four months after the date letters are first issued to a general personal representative. [¶] (2) Sixty days after the date notice of administration is mailed or personally delivered to the creditor. . . ." (§ 9100, subd. (a).)

[9] Section 9150 provides that a creditor's claim "shall be filed with the court and a copy shall be served on the personal representative . . . [¶] . . . within the later of 30 days of the filing of the claim or four months after letters issue to a personal representative with general powers. . . ." (§ 9150, subds. (b)–(c).) Moreover, "[i]f the creditor does not file the claim with the court and serve the claim on the personal representative as provided in this section, the claim shall be invalid." (§ 9150, subd. (d).)

[10] Section 9103 provides in part that a creditor may petition the court to file a claim "after expiration of the time for filing a claim provided in Section 9100 if . . . [¶] . . . [t]he personal representative failed to send proper and timely notice of administration of the estate to the creditor, and that petition is filed within 60 days after the creditor has actual knowledge of the administration of the estate." (§ 9103, subd. (a)(1).)

■ Under the well-established rule of statutory construction, a specific statute controls over a general statute covering the same subject. (*Neuwald v. Brock* (1939) 12 Cal.2d 662, 669 [86 P.2d 1047]; *Rose v. State of California* (1942) 19 Cal.2d 713, 724 [123 P.2d 505] ["A specific provision relating to a particular subject will govern in respect to that subject, as against a general provision, although the latter, standing alone, would be broad enough to include the subject to which the more particular provision relates"].)

■ Contrary to Wooten's assertions, therefore, the Department's claim is not governed by the general provisions governing creditor claims found elsewhere in part 4. Rather, it falls under chapter 5's specific provisions for claims by public entities, in particular section 9202. (See *Estate of Starkweather* (1998) 64 Cal.App.4th 580, 587 [75 Cal.Rptr.2d 766] [noting without discussion that the "applicable section" for claim by public entity under the Medi-Cal Act (Welf. & Inst. Code, § 14000 et seq.) is § 9202 of the Probate Code].) Thus, the trial court correctly determined that section 9202 required Wooten to provide the Department with notice of Dowe's death in order to trigger the four-month time period within which the Department must file a creditor's claim.[11] In sum, Wooten's claim that the trial court ignored applicable sections of the Probate Code in awarding the Department summary judgment is without merit.[12]

D. *Trial Court Bias*[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[11] Absent notice under section 9202, the Department's claim for reimbursement under section 14009.5 of the Welfare and Institutions Code is subject to a three-year statute of limitations under Code of Civil Procedure section 338, subdivision (a). (*Shewry v. Begil* (2005) 128 Cal.App.4th 639, 643–644 [27 Cal.Rptr.3d 209].)

[12] Wooten also contends that the Department's "noncompliance with Probate Code [section] 9100 caused a detriment to the estate" because it denied her the opportunity to file for a hardship waiver. (See Welf. & Inst. Code, § 14009.5, subd. (c)(1)–(2) [providing for waiver of claim in whole or in part on grounds of "substantial hardship" to dependents or heirs of the decedent and "the opportunity for a hearing to establish that a waiver should be granted"].) However, as discussed above, the Department's claim is governed not by section 9100, but by section 9202. Had Wooten provided notice as required under section 9202, the Department would have sent her a hardship waiver application at that point. We see no grounds for reversal on this ground. Further, Wooten claims that her inability to file a hardship application "violated [the] beneficiary's constitutional rights." We dismiss this claim because Wooten raised it for the first time in her reply brief and also provides no citation to authority in support of such a constitutional claim. (*Heiner v. Kmart Corp.* (2000) 84 Cal.App.4th 335, 350–351 [100 Cal.Rptr.2d 854].)

[*] See footnote, *ante*, page 741.

## DISPOSITION

The judgment is affirmed.

McGuiness, P. J., and Siggins, J., concurred.