Filed 2/2/21  Holmes v. Holmes CA4/1
### NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| LAURA V. HOLMES,  Plaintiff and Appellant,  v.  ALDEN V. HOLMES, JR., as Trustee, etc.,  Defendant and Respondent. | D077348  (Super. Ct. No. 37-2018-00052294-PR-TR-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Julia C. Kelety, Judge.  Affirmed.

Law Offices of Rosemary Meagher-Leonard and Rosemary Meagher-Leonard for Plaintiff and Appellant.

No appearance for Respondent.

Alden V. Holmes, Jr. (Alden Jr.) was the trustee of his parents' trust. In June 2019, his sister, Laura V. Holmes (Laura), filed a petition for an order instructing Alden Jr. to reimburse her for certain expenses she

allegedly incurred on her parents' behalf in or before February 2015.[1] The trial court granted Alden Jr.'s demurrer to Laura's petition, finding the petition failed to state a cause of action and was time barred. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

This is not Laura's first appeal in this court; we have the benefit of underlying background from a prior related case. (*Estate of Holmes* (Aug. 31, 2017, D071208) [nonpub. opn.].) We draw the operative facts from Laura's initiating petition, matters that were judicially noticed by the trial court, and the prior related case.

*Prior Power of Attorney Case*[2]

In 2011, Alden Sr. executed a limited springing power of attorney appointing his daughter Laura as his agent.[3] Acting as his agent, Laura managed aspects of Alden Sr.'s finances and paid expenses from his accounts. Friction developed among Alden Sr.'s eight children, including Laura, and several of her siblings petitioned to remove Laura as Alden Sr.'s agent. In 2014, the probate court appointed a temporary conservator for Alden Sr. and suspended Laura's powers as attorney-in-fact. Laura provided an accounting of income and expenditures during her time as Alden Sr.'s agent.

In August 2015, Alden Sr. died.

---

[1] Because the parties and other relevant individuals share the same last name, we will refer to them by their first names.

[2] San Diego superior court case number 37-2014-00084859-PR-OP-CTL.

[3] Prior to 2011, Alden Sr. also executed an advance heath care directive appointing Laura as his agent to make medical decisions for him if he could not do so himself.

2

After receiving Laura's accounting of her activities as Alden Sr.'s attorney-in-fact, several of Alden Sr.'s children (the petitioning siblings) petitioned the probate court to surcharge Laura for improper personal expenditures made from Alden Sr.'s accounts (petition for surcharge). The petitioning siblings obtained a specified hearing date in 2016 and properly served Laura with notice.

At the time, Laura was represented by counsel. Shortly before the hearing date, however, Laura began representing herself in propria persona. Her attorney asked opposing counsel to obtain a continuance of the hearing because Laura was unavailable on the hearing date. The petitioning siblings' attorney obtained a continuance to February 23, 2016, and Laura was duly notified.

Laura did not appear at the continued hearing or file objections to the petition for surcharge. The court granted the petition, surcharged Laura approximately $79,058 for improper expenditures, and imposed $5,000 in attorney fees under Probate Code section 4545.

Laura filed a motion to vacate the order under Code of Civil Procedure section 473, subdivision (b).[4] She primarily argued that her failure to appear was excused due to medical incapacity and that she could not travel to San Diego from the San Francisco Bay area. She also pointed to her status as a self-represented litigant and her confusion regarding various pending probate proceedings.

Laura filed proposed objections to the petition for surcharge with her motion. In the objections, she recounted the history of her appointment

---

[4]  Laura's recitation of facts did not mention that she filed a motion for relief in the power of attorney case. We ascertained these facts from *Estate of Holmes*, *supra*, at pages 3-4.

3

under Alden Sr.'s power of attorney and her activities as his agent. Laura also provided justifications for the challenged expenditures. She argued, among other things, that her legal expenditures were authorized under the power of attorney signed by Alden Sr.

The petitioning siblings opposed Laura's motion to vacate. They argued that Laura's claim of incapacitation was "completely false" and submitted evidence of her participation in litigation-related activities during the time that she claimed to be incapacitated. The petitioning siblings concluded there was no basis to excuse Laura's failure to appear under section 473, subdivision (b).

Following oral argument, the probate court denied Laura's motion to vacate. The court's decision was affirmed on appeal. (*Estate of Holmes*, *supra*, at p. 9.)

In 2018, in the same power of attorney case, Laura filed a "petition for reimbursement for reasonable expenses incurred," seeking to recover approximately $29,544 she spent "as a result of acting as attorney-in-fact" for Alden Sr. (2018 petition for reimbursement). Laura alleged that she incurred the expenses as Alden Sr.'s agent between 2011 and 2015. In response, Alden Jr. filed a demurrer, arguing that Laura's claim for reimbursement was time barred under Code of Civil Procedure section 366.2 because it had not been made within one year of Alden Sr.'s death, as required. The court agreed and sustained the demurrer without leave to amend. (See *Wagner v. Wagner* (2008) 162 Cal.App.4th 249, 254-256 [one-year statute of limitations applies to actions on all claims against the decedent that survive the decedent's death].)

4

*Current Trust Administration Case*[5]

In October 2018, Alden Jr., as trustee, initiated the current case to resolve a payment matter involving his parents' trust, the Alden and Eleanor Holmes Trust (Trust).

In November 2018, Eleanor Holmes died.

In June 2019, Laura filed a "petition for order instructing trustee to reimburse petitioner for reasonable expenses incurred" (2019 petition for reimbursement). This petition sought to recover the same two sums of money that were previously disputed in the power of attorney case: (1) $29,544, representing the expenses that Laura sought to recover in her 2018 petition for reimbursement,[6] and (2) $79,058, representing the expenditures for which she had been surcharged in 2016. As before, Laura alleged that she incurred these expenses while acting as Alden Sr.'s agent under a power of attorney and his advance health care directive.

Unlike before, the 2019 petition for reimbursement added the allegation that Laura's expenditures "benefited *both* Alden Sr. and Eleanor" and "*also* benefited Eleanor Holmes" (italics added), i.e., were of incidental benefit to Laura's mother. For example, Laura alleged that she traveled to San Diego from San Francisco to help both her parents with daily living activities and that decisions she made on behalf of Alden Sr. benefited Eleanor as well.

---

[5]     San Diego superior court case number 37-2018-00052294-PR-TR-CTL.

[6]     Laura attached Exhibit D to her petition showing a detailed breakdown of the approximately $29,544 of personal expenses she incurred between 2011 and 2015. The expenses appear to relate primarily to travel, food, and attorney fees.

5

Alden Jr. filed a demurrer to the 2019 petition for reimbursement, arguing that it failed to state a cause of action and was barred by the statute of limitations. He requested judicial notice of the court's order sustaining his demurrer in the power of attorney case. Alden Jr. asserted that Laura was seeking reimbursement for the exact same expenses as before and that the allegation of incidental benefit to Eleanor was conclusory and, in any event, failed to establish that Laura incurred any expenses as Eleanor's agent.

In her opposition brief, Laura admitted she had been acting "only as her father's agent" when she incurred the expenses but maintained that her mother had benefited by continuing to enjoy her customary life style. Laura characterized her claim as a creditor's claim against the Trust assets, and as such, timely filed within one year of Eleanor's death.

On reply, Alden Jr. disputed that Laura's claim was a proper creditor's claim.

The trial court held a hearing on the 2019 petition for reimbursement. Counsel for both parties was present. After considering the arguments of counsel, the court granted Alden Jr.'s request for judicial notice and sustained his demurrer without leave to amend. The court found that the 2019 petition for reimbursement was untimely and failed to state sufficient facts to constitute a cause of action. The petition was dismissed with prejudice.

This appeal followed.

## DISCUSSION

Laura contends the trial court erred in granting Alden Jr.'s demurrer to her 2019 petition for reimbursement. She argues the petition was not time barred and was a proper means for seeking reimbursement of the specified

expenses.  We conclude the trial court did not err and properly dismissed the petition.

1.  *Standard of Review*

"On appeal from an order of dismissal after an order sustaining a demurrer, the standard of review is de novo:  we exercise our independent judgment about whether the complaint states a cause of action as a matter of law." (*Stearn v. County of San Bernardino* (2009) 170 Cal.App.4th 434, 439.) We evaluate whether a cause of action has been stated under any legal theory.  (*Curcini v. County of Alameda* (2008) 164 Cal.App.4th 629, 637.)  As we do so, we assume the truth of the petition's properly pleaded facts and judicially noticed matters.  (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)  "We do not, however, assume the truth of contentions, deductions, or conclusions of law." (*Stearn*, at p. 440.)  We review the trial court's refusal to grant leave to amend the pleading under the abuse of discretion standard.  (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.)  When a demurrer is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment.  (*Ibid.*)  If the pleading is insufficient on any ground specified in a demurrer, we will uphold the order sustaining the demurrer, even if it is not the ground relied upon by the trial court.  (*Irwin v. Manhattan Beach* (1966) 65 Cal.2d 13, 20; *Debro v. Los Angeles Raiders* (2001) 92 Cal.App.4th 940, 946.)

2.  *Analysis*

Based on our review of the record, Laura's claim in the current case is premised on a theory of quantum meruit, that is, she alleges a debt owed by decedent Eleanor for the reasonable value of services Laura rendered to

Eleanor.[7]  For example, in the 2019 petition for reimbursement, Laura alleges that, between 2011 and February 2015, she "frequently traveled from her home in the San Francisco Bay Area to San Diego, where [Alden Sr. and Eleanor] lived, to care for them and to assist them with their activities of daily living."  When Laura incurred her expenses, she was acting as her father's agent under his power of attorney; Alden Sr. allegedly authorized Laura to incur travel, meal, attorney, and other expenses, which, incidentally, benefited Eleanor.  "Laura continued to act as agent [for Alden Sr.] until February 6, 2015, at which time the court suspended her authority to act as Alden Sr.'s agent, as well as all agents under [*sic*] for either Alden Sr. or Eleanor Holmes."

Laura's 2019 petition sought to recover her expenses incurred in or before February 2015, while acting as Alden Sr.'s agent and which had the effect of also benefiting Eleanor.  Unlike Laura's prior claim against Alden Sr., which was based on an express contractual right, her 2019 claim against Eleanor was premised on the value of services rendered to Eleanor.

Recovery from an estate for "services rendered to a decedent has frequently been permitted in this state in an action upon quantum meruit."

---

7    To the extent Laura argues that the "debt" for which she sought reimbursement belonged to Alden Sr., then Laura's claim was required to be brought within one year of *Alden Sr.'s death*.  (Code Civ. Proc., § 366.2; Prob. Code, § 13554; *Collection Bureau of San Jose v. Rumsey* (2000) 24 Cal.4th 301, 313 [collection agency trying to collect the medical expenses of a deceased spouse from a surviving spouse was required to bring action within one year of the deceased spouse's death]; *Dawes v. Rich* (1997) 60 Cal.App.4th 24, 31 ["Claims against a surviving spouse under Probate Code section 13550 must be brought within one year of the death of the deceased spouse."].)  Alden Sr. died in August 2015, and thus, Laura could not maintain a claim against Eleanor in 2019 on the ground that she was the surviving spouse.

8

(*Long v. Rumsey* (1938) 12 Cal.2d 334, 342 (*Long*) [relative who worked for decedent under an unenforceable oral contract required to pursue claim within statute of limitations for an action on quantum meruit].) "[O]rdinarily a promise to pay the value of such services is implied by law at the termination [of the services] thereof, and . . . the statute of limitations then begins to run." (*Id.* at p. 343; *Sonnicksen v. Estate of Sonnicksen* (1937) 23 Cal.App.2d 480, 481 (*Sonnicksen*) [wife's alleged cause of action on quantum meruit against husband's estate was time barred; cause of action accrued when their marriage ended three years prior to his death]; see also *Estate of Ziegler* (2010) 187 Cal.App.4th 1357, 1366-1367 (*Estate of Ziegler*) [quantum meruit theory of recovery based on value of services provided throughout decedent's life].)

*Long*, *supra*, 12 Cal.2d 334, is instructive. In that case, a relative (Long) worked in the home and bakery of the decedent for years, under an alleged oral agreement that Long would be compensated for her services after the decedent's death. Long's work for the decedent terminated in 1919, but the decedent did not die until 1935. (*Id.* at p. 337.) Our Supreme Court held that the alleged "oral contract" was unenforceable, and "a recovery, if any, must be based upon the theory of quantum meruit." (*Id.* at p. 341.) The court found that the statute of limitations for quantum meruit began to run at the termination of Long's services (in 1919) and had long expired, and her complaint against the decedent could not proceed unless she was able to establish the terms of an express contract, with evidence of a "convincing and definite character," that she was to be paid at a future time. (*Id.* at p. 343.) Because Long could not establish "when a contract was made, how much service was to be performed, or what the future compensation was to be," her cause of action was time barred. (*Id.* at pp. 346-347.)

9

The statute of limitations for quantum meruit claims is two years. (Code Civ. Proc., § 339; *Leighton v. Forster* (2017) 8 Cal.App.5th 467, 490.)

In this case, any services Laura rendered to Eleanor undisputedly ceased by February 2015, when the probate court ordered Laura's activities to terminate. Laura could not have reasonably expected payment for services rendered after the probate court suspended her powers. A claim for quantum meruit against Eleanor thus accrued by February 2015 and was required to be brought within two years of that date, or by February 2017. (*Shewry v. Begil* (2005) 128 Cal.App.4th 639, 645 ["As a general rule, the statute of limitations begins to run upon a present right to sue."].) Laura's petition for reimbursement in the trust administration case was filed in 2019, and therefore, untimely.

On appeal, Laura asserts she can amend her 2019 petition for reimbursement to include additional facts regarding the care or assistance she provided to Eleanor. Such an amendment would be futile because it would not alter the fundamental facts that Laura's services ended in 2015 and she had no express agreement with Eleanor to be paid for the specified expenses.

Similarly, the 2019 petition for reimbursement fails to state sufficient facts to constitute a cause of action based on a different theory of contractual liability. (See, e.g., *Estate of Ziegler*, *supra*, 187 Cal.App.4th at p. 1366.) Laura cannot avoid the allegations she has repeatedly made that she incurred the relevant expenses as an agent for Alden Sr. under his power of attorney and/or health care directive, which only incidentally benefited Eleanor. In her appellate brief, Laura does not claim that Eleanor authorized Laura's expenses or made any promise of payment.

10

Laura contends her 2019 petition for reimbursement was timely filed within one year of Eleanor's death pursuant to Code of Civil Procedure section 366.2.[8] However, the one-year-after-death period under section 366.2 would not replace the "applicable limitations period" for Laura's claim based on quantum meruit. Section 366.2 states that "[i]f a person against whom an action may be brought on a liability of the person, whether arising in contract, tort, or otherwise, and whether accrued or not accrued, *dies before the expiration of the applicable limitations period*, and the cause of action survives, an action may be commenced within one year after the date of death, and the limitations period that would have been applicable does not apply." (§ 366.2, subd. (a), italics added.) Here, Eleanor did not die "before the expiration of the applicable limitations period." (*Ibid*.) The applicable limitations period for a quantum meruit claim began to run in February 2015 and expired in February 2017, while Eleanor was still alive. (*Long*, *supra*, 12 Cal.2d at p. 342; *Sonnicksen*, *supra*, 23 Cal.App.2d at p. 481.)

In summary, Laura cannot maintain her claim against Eleanor's Trust assets. After February 2015, Eleanor lived for over three more years. Laura could not sit by and wait until *after* Eleanor died to assert a claim premised on an uncertain benefit that Eleanor derived from Laura's care in or before 2015. "The statute of limitations . . . ' "promote[s] justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." ' " (*Estate of Ziegler*, *supra*, 187 Cal.App.4th at p. 1359.)

---

8    Further unspecified statutory references are to the Code of Civil Procedure.

11

Based on the foregoing reasons, the trial court did not err in sustaining Alden Jr.'s demurrer to Laura's 2019 petition for reimbursement without leave to amend.

DISPOSITION

The order is affirmed.

McCONNELL, P. J.

WE CONCUR:

BENKE, J.

IRION, J.