Filed 12/14/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THOMAS THAI, | |
| Plaintiff and Respondent, | G060823 |
| v. | (Super. Ct. No. 30-2020-01130155) |
| RICHMOND CITY CENTER, L.P., et al., | O P I N I O N |
| Defendants and Appellants. | |

Appeal from an order of the Superior Court of Orange County, John C. Gastelum, Judge. Reversed.

Adams & Pham, Joseph M. Adams and Julie A. Goerlinger for Defendants and Appellants.

Lew Law Firm and Bill W. Lew for Plaintiff and Respondent.

\*       \*       \*

A subpoenaing party must give notice to a consumer when seeking its personal records through a third party subpoena. (Code Civ. Proc., § 1985.3, subds. (b) & (e).)[1] If a nonparty consumer objects to the production of its personal records, the witness or deposition officer is generally not required to produce them absent a court order. (§ 1985.3, subd. (g).) The subpoenaing party may then bring a motion to enforce the subpoena within 20 days of the objection. (§ 1985.3, subd. (g).) We hold that after this 20-day deadline expires, the subpoenaing party cannot move to enforce the subpoena over the objection through a motion to compel under section 2025.480, which has a 60-day deadline. We therefore reverse the trial court's order.


I

FACTS AND PROCEDURAL HISTORY

Plaintiff Thomas Thai (plaintiff) and defendant Newton Tran (defendant) were partners in Richmond City Center, LP et al. (Richmond). Plaintiff agreed to sell defendant his 20.5 percent interest in Richmond for $1,767,107.32. The parties signed a sales agreement in April 2019, in which plaintiff assigned defendant his interest in Richmond. A few months after the sales agreement was executed, plaintiff filed the underlying lawsuit against defendant. Plaintiff's complaint generally alleged defendant still owed $116,854.40 of the purchase price, and it asserted breach of contract and fraud claims. Defendant filed a cross-complaint against plaintiff, which alleged claims for declaratory relief, reformation, and rescission. Richmond is not a party to the underlying suit.

Plaintiff issued two subpoenas in the underlying suit on March 2, 2021. The first was a Deposition Subpoena for Personal Appearance and Production of Documents to Ha Mach, Richmond's property manager. The second was a Deposition

---

[1] All further undesignated statutory references are to the Code of Civil Procedure.

2

Subpoena for Production of Business Records to Tien Van, Richmond's accountant. Both subpoenas sought Richmond's consumer records, so plaintiff served Richmond with a notice to consumer for each subpoena per section 1985.3.[2] Richmond served objections to each subpoena on April 7, 2021, prior to each subpoena's date of production. Neither Mach nor Van produced any records due to Richmond's objections.

On June 2, 2021, nearly two months after Richmond served the objections, plaintiff filed motions to compel Mach and Van to comply with the subpoenas and produce the requested records under section 2025.480. Plaintiff also requested sanctions against Richmond and its attorneys. Defendant opposed the motions, but Richmond did not. The trial court granted the motions and awarded plaintiff $1,245 in sanctions against Richmond and its attorneys.

Richmond appeals the trial court's order granting the motions to compel. First, it argues plaintiff's motions to compel were brought under the wrong section of the Code of Civil Procedure and were untimely. Second, even if the motions were timely, it contends sanctions were improper because it did not oppose the motions. We agree with the first argument and find the trial court erred by granting the motions.

II

DISCUSSION

Richmond's first argument is based on section 1985.3. Under this statute, a party that subpoenas a witness for personal records of a consumer must give the consumer notice. (§ 1985.3, subds. (b) & (e).) A nonparty consumer whose personal records are subpoenaed, "may, prior to the date of production, serve on the subpoenaing party, the witness, and the deposition officer, a written objection that cites the specific

_____

[2] The term "'consumer'" includes a "partnership of five or fewer persons." (§ 1985.3, subd. (a)(2).) It is undisputed that Richmond is a consumer for purposes of the statute.

3

grounds on which production of the personal records should be prohibited." (§ 1985.3, subd. (g).)

Following receipt of such an objection, "[n]o witness or deposition officer shall be required to produce personal records . . . except upon order of the court in which the action is pending or by agreement of the parties, witnesses, and consumers affected." (§ 1985.3, subd. (g).) If no agreement is reached, the party that issued the subpoena "may bring a motion under Section 1987.1 to enforce the subpoena within 20 days of service of the written objection." (§ 1985.3, subd. (g).) Section 1987.1 allows a party to bring a motion for a court order to "direct[] compliance with [a subpoena] upon those terms or conditions as the court shall declare, including protective orders."[3] (§ 1987.1, subd. (a).)

Here, plaintiff did not bring motions to enforce the subpoenas under section 1987.1 within 20 days of Richmond's objections. Rather, nearly 60 days after Richmond served its objections, plaintiff filed motions to compel under section 2025.480. This statute provides, "[i]f a deponent fails to answer any question or to produce any document, electronically stored information, or tangible thing under the deponent's control that is specified in the deposition notice or a deposition subpoena, the party seeking discovery may move the court for an order compelling that answer or production." (§ 2025.480, subd. (a).) The moving party has "60 days after the completion of the record of the deposition" to file the motion. (§ 2025.480, subd. (b).)

Richmond contends the court erred in granting plaintiff's motions because they were brought under section 2025.480 instead of under section 1987.1. Even if the motions to compel were construed as motions under section 1987.1, Richmond asserts they were untimely because they were filed more than 20 days after objections were served in violation of section 1985.3, subdivision (g). Plaintiff, however, argues the

---

[3] Throughout this opinion, we refer to this procedure as a motion to enforce a subpoena to distinguish it from a motion to compel under section 2025.480, subdivision (a).

4

motions to compel were proper because the 20-day deadline is permissive and section 2025.480 provides an alternate procedure that can be used instead of section 1987.1. We agree with Richmond that the motions were untimely.

We are not aware of any cases that have squarely addressed this issue, so we must interpret the relevant statutes on a clean slate.[4] Issues of statutory interpretation are reviewed de novo. (*Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, 837.) Our fundamental task in statutory interpretation, "'is to ascertain the intent of the lawmakers so as to effectuate the purpose of the statute.' [Citation.] We begin as always with the statute's actual words, the 'most reliable indicator' of legislative intent, 'assigning them their usual and ordinary meanings, and construing them in context. If the words themselves are not ambiguous, we presume the Legislature meant what it said, and the statute's plain meaning governs. On the other hand, if the language allows more than one reasonable construction, we may look to such aids as the legislative history of the measure and maxims of statutory construction. In cases of uncertain meaning, we may also consider the consequences of a particular interpretation, including its impact on public policy.'" (*Id*. at pp. 837-838.)

Here, we start with the language of section 1985.3. The relevant portion of the statute states, "[t]he party requesting a [nonparty's] consumer's personal records may bring a motion under Section 1987.1 to enforce the subpoena within 20 days of service of the written objection." (§ 1985.3, subd. (g).) Facially, the statute's plain language suggests that a party seeking to enforce a subpoena must bring a motion within 20 days of the nonparty consumer's objections. But plaintiff argues the statute's use of "may"

---

[4] While *Unzipped Apparel, LLC v. Bader* (2007) 156 Cal.App.4th 123, cited by Richmond, states that a motion to enforce a subpoena under section 1985.3 must be filed within 20 days (*Unzipped Apparel*, at p. 136), this statement is dicta. This issue was not examined in detail by the court. Nor was it necessary to the court's holding, which found a business records only subpoena is subject to the 60-day deadline set forth in section 2025.480, subdivision (b). (*Unzipped Apparel*, at p. 136.)

indicates the 20-day deadline is permissive. Based on this interpretation, he suggests section 1985.3, subdivision (g), sets the earliest time a motion to enforce the subpoena may be filed (within 20 days after the objections), whereas section 2025.480, subdivision (b), sets the latest time such a motion can be filed (within 60 days after the objections).

Plaintiff's argument is unpersuasive. The use of "may" within section 1985.3, subdivision (g), does not mean the 20-day time limit is permissive. It indicates the subpoenaing party's decision whether to bring a motion to enforce the subpoena is permissive. Similarly, section 2025.480, subdivision (a), states that "[i]f a deponent fails to answer any question or to produce any document, . . . the party seeking discovery *may* move the court for an order compelling that answer or production." (Italics added.) The use of "may" in both statutes clarifies that the subpoenaing party is not required to bring a motion under the relevant statute if the information sought is not produced. Rather, the subpoenaing party may do so if it determines such a motion is warranted. There are numerous reasons why a subpoenaing party might choose not to pursue a motion. For example, the subpoenaing party could reach an agreement with the relevant persons or the discovery sought could be duplicative of information already in its possession. Moreover, as we explain below, if the 60-day deadline of section 2025.480 applied here, the 20-day deadline in section 1985.3, subdivision (g), would be superfluous.

The language of section 2025.480 also indicates it does not apply in the current context. A motion to compel under section 2025.480, subdivision (a), may be filed "[i]f a deponent *fails* to . . . produce any document . . . under the deponent's control . . . ." (Italics added.) However, once a nonparty consumer objects to the subpoena, the witness or deposition officer is not obligated to produce the personal records at issue absent a court order or an agreement between the relevant persons. (§ 1985.3, subd. (g).) Here, there was no court order or agreement. Thus, Mach and Van did not fail to produce any consumer records because they were absolved of their obligation to do so following Richmond's objection. (§ 1985.3, subd. (g).) Since no such failure to produce has yet

occurred, the procedure set forth in section 2025.480 subdivision (a), is not appropriate here.  Rather, under section 1985.3, subdivision (g), the proper vehicle to contest Richmond's objection was a motion under section 1987.1, which had to be brought within 20 days.

The legislative history of section 1985.3, subdivision (g), and the canons of statutory construction also support the above interpretation.  To begin, the legislative history of section 1985.3, subdivision (g), suggests the 20-day time limit exclusively controls.  Section 1985.3 was amended in 1996 by Senate Bill No. 1821 (SB 1821) (1995-1996 Reg. Sess.) (Stats. 1996, ch. 679, § 1), to specify that a witness or deposition officer does not have to produce personal records if a nonparty consumer objects.  SB 1821 also amended the statute so the subpoenaing party could move to enforce the subpoena over such an objection under section 1987.1.  Significantly, as described by the Assembly Committee, SB 1821 was intended to "[p]ermit[] a consumer . . . , whose personal . . . records are subject to subpoena, and who is not a party to the action, to object to the subpoena.  The requesting party would then *need to bring a motion within 20 days* of the objection to enforce the subpoena."  (Assem., Com. on Judiciary Analysis of Sen. Bill No. 1821 (1995-1996 Reg. Sess.) as amended July 10, 1996, p. 1, italics added.)  This description of the bill indicates the Legislature intended to create an exclusive 20-day deadline to file a motion to enforce a subpoena.  Allowing plaintiff to file a motion to compel after the 20-day deadline would subvert this intent.

Similarly, "[u]nder the well-established rule of statutory construction, a specific statute controls over a general statute covering the same subject."  (*Shewry v. Wooten* (2009) 172 Cal.App.4th 741, 747.)  "Generally, it can be presumed that when the Legislature has enacted a specific statute to deal with a particular matter, it would intend the specific statute to control over more general provisions of law that might otherwise apply."  (*Arbuckle-College City Fire Protection Dist. v. County of Colusa* (2003) 105 Cal.App.4th 1155, 1166.)  Under this canon of construction, the 20-day deadline in the

7

specific statute, section 1985.3, subdivision (g), is presumed to control over the 60-day deadline in the more general statute, section 2025.480, subdivision (b). We have not been cited any evidence as to why this presumption should not apply here.

Further, it would be unnecessary for section 1985.3, subdivision (g), to establish a 20-day time limit to bring a motion to enforce if a party could simply move to compel under section 2025.480 after those 20 days lapsed. Plaintiff's interpretation of the statutes at issue would render superfluous the 20-day time limit set forth in section 1985.3, subdivision (g). This would violate the canon of statutory interpretation that "the Legislature does not engage in idle acts, and no part of its enactments should be rendered surplusage if a construction is available that avoids doing so." (*Mendoza v. Nordstrom, Inc.* (2017) 2 Cal.5th 1074, 1087.)

Our interpretation creates harmony between sections 1985.3 and 2025.480. Under the former, a motion to enforce a subpoena under section 1987.1 is the proper procedural vehicle when documents are being withheld due to the objection of a nonparty consumer. In such a scenario, it is not the witness or deponent itself that is responsible for withholding production. Rather, it is the nonparty consumer. (§ 1985.3, subd. (g).) In such circumstances, a motion under section 1987.1, geared towards the consumer's objections, is appropriate. In contrast, a motion to compel under section 2025.480, subdivision (a), is appropriate when the witness itself refuses to produce documents. Within this context, such a motion challenges the witness's failure to produce the requested information. As discussed above, no such failure has occurred if the production is withheld due to a nonparty consumer's objection.

Based on the language of section 1985.3, subdivision (g), the legislative history of that subdivision, and applicable canons of construction, we find plaintiff's motions to compel were untimely because they were filed more than 20 days after

8

Richmond served objections.  As such, the trial court erred in granting them.[5]  Due to this finding, we need not address Richmond's second argument.


III

DISPOSITION

The court's order is reversed.  Richmond is entitled to its costs on appeal.


MOORE, ACTING P. J.

WE CONCUR:


GOETHALS, J.


MOTOIKE, J.

---

[5]  Generally, "discovery deadlines are mandatory and [have been] treated . . . as jurisdictional" (*Weinstein v. Blumberg* (2018) 25 Cal.App.5th 316, 322, fn. 3), meaning trial courts can only deny untimely motions.  (*Sexton v. Superior Court* (1997) 58 Cal.App.4th 1403, 1410.)  We express no opinion as to whether the 20-day deadline in section 1985.3, subdivision (g), is jurisdictional, as this was not argued below.  We also do not express any opinion as to whether an objecting nonparty consumer can be subject to sanctions.  Neither section 1985.3 nor section 1987.1 discuss sanctions, and this issue is moot given that the court erroneously granted the motions.  Further, none of the parties' briefed this issue.